## WING v. COMMONWEALTH OF PENNSYLVANIA et al.
### No. 162.

United States District Court
W. D. Pennsylvania.

Sept. 8, 1949.

No counsel.

GOURLEY, District Judge.

This proceeding involves application for leave to file in forma pauperis petition for writ of habeas corpus as provided by the JudicialCode, 28 U.S.C.A. § 1915, and 28 U.S.C.A. § 2250.

■ The petition is fatally defective in that it fails to comply with the provisions of the Judicial Code in the following respects:

(a) It does not allege the facts concerning the applicant's commitment or detention. 28 U.S.C.A. § 2242.

(b) It does not set forth that the applicant has exhausted the remedies available in the courts of the Commonwealth of Pennsylvania, or that there is an absence of available state corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the petitioner. 28 U.S.C.A. § 2254.

■ A writ of habeas corpus may be issued by a federal court in cases where petitioner is imprisoned under judgment of state court only if it is made to appear that there has been gross violation of his rights under the Constitution of the United States, and that he has exhausted his remedies under the state law. Sanderlin v. Smyth, 4 Cir., 138 F.2d 729.

■ When an application for writ of habeas corpus is presented to the federal court, authority exists for the court to either award the writ or issue an order directing the respondent or the person in custody of the petitioner to show cause why the writ should not be granted unless it appears from the application that the applicant or person detained is not entitled thereto. However, the first requirement which a petitioner must meet is that the allegations in the petition make out a prima facie case and satisfy the requirements of a federal statute, or, in other words, set forth facts in the petition which establish that the petitioner is entitled to the granting of the writ.

■ The formal requirements of a petition for a writ of habeas corpus are:

1. The petition be in writing addressed to the court authorized to issue the writ.

2. It should establish the jurisdiction of the court by showing the place of petitioner's confinement, that it is within its territorial jurisdiction, and the name and address of the person in whose custody the prisoner is restrained.

3. It should state that the petitioner is restrained of his liberty and then show precisely the alleged illegality of restraint, by stating the pertinent facts in such a manner as to make possible an intelligent judgment upon the question.

4. It should state by what authority the respondent purports to detain the petitioner.

5. If the petitioner does not know by what authority he is being detained, he should so state.

6. The petition must be verified or sworn to.

Since the petition does not comply with the requirements just mentioned, it fails to establish a prima facie case and no jurisdiction, therefore, exists for the court to consider the merits thereof. Dorsey v. Gill, 80 U.S.App.D.C. 9, 148 F.2d 857, certiorari denied 325 U.S. 890, 65 S.Ct. 1580, 89 L.Ed. 2003.

■ The petition herein is a product of the petitioner's own inexpert draftsmanship, and it is possible that since essential items have been omitted that the defects may be cured if an opportunity is granted for leave to amend the petition, and in the interests of justice I believe this opportunity should be given.

Leave is, therefore, granted to file the petition in forma pauperis and a period of thirty days is granted the petitioner to file a supplemental petition in which the petitioner shall set forth the facts relative to his detention in accordance with the rules expressed herein. If the petitioner fails or neglects to file a supplemental petition in accordance with the authority given herein since the petition does not comply with the provisions of the Judicial Code, it will be refused.