## GREEN v. STATE OF MAINE.
### Civ. No. 918.

United States District Court
D. Maine, S. D.
Aug. 12, 1952.

See also, D.C., 109 F.Supp. 688.

George F. Green, pro se.

CLIFFORD, District Judge.

This matter comes before me upon the petition of George F. Green for writ of habeas corpus in which he alleges that he is restrained in the custody of the Warden of the Maine State Prison.

The petitioner alleges that "he is confined in the Maine State Prison at Thomaston, Maine, within the County of Knox, and that his confinement there is illegal, without law nor right and is contrary to every concept of law and justice, in that it was obtained upon criminal process in violation of his Rights under the Fourth, Fifth, Sixth and Eighth Amendments, protected against State invasion through the Fourteenth Amendment to the Constitution of the United States of America." The petition further contains certain allegations of fact in support of petitioner's contention of violation of his constitutional rights.

Title 28 United States Code, § 2254 reads as follows:

"An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

The petition makes reference to a "Bill of Exceptions" having been allowed on May 17, 1949, and that as a result he filed a petition with Supreme Court Justice Merrill. The petitioner further states that "he later filed habeas corpus petitions to four other judges of the Supreme Court and one to active retired Supreme Court Judge. Two more to judges of the Superior Court and also a motion for a new trial, to judge —Superior Court. All denied—rulings made." There is nothing in the petition to indicate that petitioner ever went ahead with his Bill of Exceptions, or appealed from the verdict entered in the Superior Court.

Petitioner states that the petition is filed under Sec. 2254, Title 28 U.S.Code, as no remedies exist within the State of Maine. He states that all the allegations complained of in the petition prove beyond any doubt that his constitutional rights have been violated in more than one instance and that the State of Maine will take no action to relieve petitioner of the illegal imprisonment, that he has prayed for.

■ A writ of habeas corpus may be issued by a Federal Court in cases where the petitioner is imprisoned under judgment of State Court only if it is made to appear that it has been gross violation of his rights under the Constitution of the United States, and that he has exhausted his remedies under the State law. Sanderlin v. Smyth, 4 Cir., 138 F.2d 729.

■ The first requirement which a petitioner must meet is that the allegations in the petition make out a prima facie case and satisfy the requirements of a Federal Statute, or, in other words, set forth facts in the petition which establish that the petitioner is entitled to the granting of the writ. Wing v. Commonwealth of Pennsylvania, D.C., 86 F.Supp. 485.

Although the petition includes many allegations of fact in support of petitioner's contention that his constitutional rights have been violated, and although the petitioner states that the petition is being filed under the provisions of Title 28 United States Code, § 2254, this Court is of the opinion that it does not appear from the petition that the applicant has exhausted the remedies available in the Courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

The petition includes many citations of United States cases, but fails to make reference to the decision of Darr v. Burford, Warden, 339 U.S. 200, 70 S.Ct. 587, 94 L. Ed. 761. To quote from the headnotes in that case:

"(a) Ordinarily an application for habeas corpus by one detained under a state court judgment of conviction for crime will be entertained by a federal district court only after all state remedies available, including all appellate remedies in the state courts, have been exhausted and review has been denied by this Court. Ex parte Hawk, 321 U.S. 114, [64 S.Ct. 448, 88 L.Ed. 572]. [339 U.S. at pages] 203–208 [70 S.Ct. at pages 589–592].

"(b) Whatever deviation from the established rule may be inferred from or implied by Wade v. Mayo, 334 U.S. 672 [68 S.Ct. 1270, 92 L.Ed. 1647], is

242

corrected by this decision. [339 U.S. at pages] 208–210 [70 S.Ct. at pages 592–593]."

 This Court is of the opinion that it is clear from the decision in the case of Darr v. Burford that it should not entertain an application of habeas corpus until all remedies have been exhausted, including appellate remedies in the State Courts, and denial of review or certiorari by the United States Supreme Court; and being of the opinion from the allegations in the petition that all such remedies have not been exhausted by petitioner:

It is ordered that the petition for writ of habeas corpus be, and hereby is

Denied.