### GREEN v. STATE et al.

No. 954.

United States District Court
D. Maine, S. D.

Dec. 16, 1952.

George F. Green, pro se.

CLIFFORD, District Judge.

This matter comes before me upon the Petition of George F. Green for Writ of Habeas Corpus, in which he alleges that he is restrained in the custody of the Warden of the Maine State Prison.

Petitioner alleges that "he is confined in the Maine State Prison, at Thomaston, Maine, within the County of Knox and that his imprisonment there is illegal, without law nor right and is contrary to every concept of law and justice, in violation of his rights under the Constitution of the United States of America, being the Fourth, Fifth, Sixth and Eighth Amendments to the 'Bill of Rights', under Section 1 of the Fourteenth Amendment * * *."

The petition states that "petitions have been filed to every justice of the State Su-

preme Judicial Court and one (1) Act. Retired Supreme Court Justice".

The petition further contains certain allegations of fact in support of petitioner's contention of violation of his constitutional rights, including allegations that he was arrested and his home searched, without warrant; that the records show that he was arrested, released, and re-arrested two days later, whereas in fact he was never released; that a Portland newspaper carried an article concerning his arrest and forgery, and that the same was broadcast over a Portland radio station, which resulted in denial to petitioner of a fair arraignment and trial; that a complaint and warrant was issued by Lincoln Municipal Court upon the oath of a person who never substantiated the charge; that while being held in jail pending action by the Grand Jury, petitioner's mail to and from his attorney was opened without authority; that when he complained of this illegal act he was locked up and held in communicado, in violation of his rights to counsel and to due process of law; that he was found guilty and sentenced on a charge of forgery; that during trial, witnesses were never sworn in when taking the stand, although the record showed that they were; that the trial judge refused to let petitioner's counsel re-question a state witness; that the judge showed an unjudicial attitude and bias to your petitioner in letting testimony go into the record which could only prove a case of forgery; that the judge never upheld the law and was hostile toward your petitioner and his attorney at all times and did not at any time try to protect your petitioner's rights, not even after petitioner's attorney walked out; that the attorney was not present when petitioner was sentenced nor when the appeal was allowed or when the illegal mittimus was issued; that petitioner entered a plea of not guilty to the indictment, but at no time did he know whether he was being tried for uttering or forgery; that petitioner was denied bail and was committed in violation of the laws of Maine; that subsequent to commitment to the Maine State Prison he contacted the Warden and asked permission to send for bail whereupon the Warden told him that he had been committed and was not bailable; that petitioner has never been able to obtain a copy of the mittimus from the Clerk of Courts, that the Court was in collusion with the Warden, and the Bill of Exceptions which the Court allowed was used only to confuse your petitioner and to deny him the equal protection of the law and due process of law; that some time after being committed your petitioner made application to a Justice of the Supreme Judicial Court for a Writ of Habeas Corpus, and that the Court ruled: "It is not the mittimus that governs. The indictment is a proper indictment for uttering a forged instrument", and denied the petition; that he wrote to Chief Justice Murchie who replied, "You were tried at Lincoln County Superior Court on an indictment returned by a Grand Jury charging you with forgery and you were committed under a mittimus directed to the warden of the State Prison charging you with the crime of forgery * * *"; that at a hearing on a Motion for a New Trial the County Attorney stated that petitioner was not tried for forgery, and that several days later the motion was denied; that a second mittimus issued showing the crime as uttering a forged instrument and that the Justice who issued the mittimus wrote to petitioner stating, "I am going to correct the mittimus * *"; that the records were changed and altered without giving petitioner opportunity to protest and show cause as to why it should not be changed; that the docket entries in Lincoln County Superior Court were changed and altered to show the second mittimus as being legal and correct; that the change and alteration was made upon motion of the County Attorney without notification to petitioner; that upon bringing this fact to the attention of the Chief Justice petitioner received a letter in reply stating in part, "When in fact you had been indicted and convicted of uttering a forged instrument. The commitment warrant issued November 15, 1949 showing erroneously that you were convicted of a crime of forgery", and the letter further stated, "The error having been corrected leaves you no grounds for relief on habeas corpus as I see the situation".

The present petition before this court appears to contain the same allegations as contained in a previous petition, which was denied by this court, and does not appear to contain any new ground not previously presented and determined. However, having in mind that petitioner is without legal training, and apparently drafted the petition himself, this court will make its findings and ruling thereon.

Title 28 United States Code, § 2254 reads as follows:

"An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

It is apparent from the petition that several petitions for writ of habeas corpus have been filed and denied, and that a motion for new trial was denied. It also appears that exceptions were allowed, but it does not appear that petitioner ever perfected his exceptions, or appealed from the verdict entered in the Superior Court, nor does it appear that review has been denied by the United States Supreme Court.

■ A Writ of Habeas Corpus may be issued by a Federal Court is cases where the petitioner is imprisoned under judgment of State Court only if it is made to appear that it has been gross violation of his rights under the Constitution of the United States, and that he has exhausted his remedies under the State law. Sanderlin v. Smyth, 4 Cir., 138 F.2d 729.

■ The first requirement which a petitioner must meet is that the allegations in the petition make out a prima facie case and satisfy the requirements of a Federal Statute, or, in other words, set forth facts in the petition which establish that the petitioner is entitled to the granting of the writ. Wing v. Commonwealth of Pennsylvania, D.C., 86 F.Supp. 485.

In its Opinion and Order on the previous petition filed by this petitioner this court cited the case of Darr v. Burford, Warden, 339 U.S. 200, 203, 208, 70 S.Ct. 587, 592, 94 L.Ed. 761, and quoted from that case. This court again cites said case and repeats the following quotation therefrom:

"Ordinarily an application for habeas corpus by one detained under a state court judgment of conviction for crime will be entertained by a federal court only after all state remedies available, including all appellate remedies in the state courts and in this Court by appeal or writ of certiorari, have been exhausted." Ex Parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572.

■ This court is of the opinion that it is clear from the decision in the case of Darr v. Burford that it should not entertain an application of habeas corpus until all remedies have been exhausted, including appellate remedies in the State Courts, and denial of review of certiorari by the United States Supreme Court; and being of the opinion from the allegations in the petition that all such remedies have not been exhausted by petitioner:

It is ordered that the Petition for Writ of Habeas Corpus be, and hereby is denied.