## GREEN v. STATE OF MAINE.

Civ. No. 966.

United States District Court
D. Maine, S. D.

Jan. 24, 1953.

George F. Green, pro se.

WOODBURY, Circuit Judge.

This is an application for a writ of habeas corpus addressed to me pursuant to Title 28 U.S.C. § 2241(a) as a Judge of the United States Court of Appeals for the First Circuit by one who alleges that he is at present confined in the Maine State Prison at Thomaston pursuant to a judgment of a court of that State. It is in the form, and contains in substance the alle-

gations, required by Title 28 U.S.C. § 2242. Accompanying it is an affidavit of poverty as authorized by Title 28 U.S.C. § 1915 in lieu of the filing fee of $5 required by § 1914 Id.

While I might under § 2241(b) Id. decline to entertain this application and transfer it to the United States District Court for the District of Maine, I have decided not to do so. That court has already considered, and after careful consideration rejected, two similar applications for failure to exhaust available state remedies, and it is clearly apparent that this application must also be rejected for the same reason. Under these circumstances, although I can add nothing of substance to what the Judge of the United States District Court for the District of Maine has already said, I may as well try my hand at convincing the applicant that Title 28 U.S.C. § 2254, and the decisions of the Supreme Court, already cited to the applicant by Judge Clifford in his clear and fully reasoned opinions, mean just what they say. D.C., 108 F.Supp. 933; 110 F.Supp. 210.

■ From the application and from the opinions of the District Court alluded to above it appears that this applicant has already on several occasions made application for habeas corpus to different state Superior and Supreme Court Judges, that he was given a hearing on at least one of these applications, and that every such application was turned down. It does not appear, however, that he ever sought review by the highest court of the State of any of these denials of relief. Indeed, inquiries instituted following the filing of this application establish that except for a bill of exceptions taken and allowed following his conviction, which was dismissed by the highest court of the State of Maine for lack of prosecution, he has never at any time attempted to obtain appellate review in his state. Thus, state remedies, even those remedies which fall short of application to the Supreme Court of the United States for a writ of certiorari directed to the highest court of the state, not only have not been exhausted as required by Title 28 U. S.C. § 2254 and the decisions cited by Judge Clifford, but have not even been invoked.

There is nothing here to indicate the existence of any "special circumstances" of an emergency nature justifying departure from the usual rule requiring exhaustion of state remedies as a condition precedent to an application for federal habeas corpus by one held in state custody. Nor can it be said that there is no state remedy available. It is clear that the state affords a remedy at the trial level, for the applicant on his own statement has repeatedly resorted to that remedy. And it is hardly conceivable that Maine law would deny him access to its highest court even though he is in fact without funds as he alleges. At any rate, he cannot be heard to say that he has no available appellate remedy in Maine for he has never tried to obtain appellate review of any of the decisions against him by the individual state judges to whom he has applied for relief. There is no need to consider whether he has a state appellate remedy until he has at least tried to avail himself of such a remedy.

From the foregoing it is abundantly clear that the applicant has no standing to apply for federal habeas corpus.

■ The applicable rule of law is clearly stated in Darr v. Burford, 1950, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761, wherein the Court emphatically reaffirmed the earlier rule of Ex parte Hawk, 1944, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572 and White v. Ragen, 1945, 324 U.S. 760, 65 S.Ct. 978, 89 L.Ed. 1348. It quoted with approval from the Hawk case as follows:

"Ordinarily an application for habeas corpus by one detained under a state court judgment of conviction for crime will be entertained by a federal court only after all state remedies available, including all appellate remedies in the state courts and in this Court by appeal or writ of certiorari, have been exhausted." [339 U.S. 200, 70 S.Ct. 592.]

And, also with approval, it quoted as follows from White v. Ragen:

"Where the highest state court in which a decision could be had, considers and adjudicates the merits of a petition for habeas corpus, state remedies, including appellate review, are not ex-

690

hausted so as to permit the filing of a petition for habeas corpus in a federal District Court, unless the federal question involved is presented to this Court on certiorari or appeal from the state court decision."

The rule could hardly be more clearly stated. Until it is complied with and the applicant can show that he has resorted to whatever appellate remedies Maine may provide, and lost, and then presented his federal question to the Supreme Court of the United States by appeal or on certiorari from the adverse state court decision, and lost again, his future applications for relief to any federal court, justice or judge will of necessity be as futile as those he has already filed in the United States District Court for the District of Maine and with me as a Circuit Judge.

It is therefore ordered, adjudged and decreed that the application, or as it is entitled petition, for writ of habeas corpus be, and the same hereby is, denied.