## GREEN v. STATE OF MAINE.
### No. 1000.

United States District Court, D. Maine, S. D.
June 10, 1953.

254

George F. Green, pro se.

WOODBURY, Circuit Judge.

This is another application for a writ of habeas corpus addressed to me under Title 28 U.S.C. § 2241(a) as a Judge of the United States Court of Appeals for the First Circuit by one George F. Green who alleges that he is at present confined in the Maine State Prison at Thomaston pursuant to a judgment of conviction entered by a court of that State. The application is in the form and contains in substance the allegations required by Title 28 U.S.C. § 2242, and accompanying it is an affidavit of poverty as authorized by Title 28 U.S.C. § 1915 in lieu of the filing fee of $5 required by § 1914 *id.*

Unlike Green's previous application, D. C., 110 F.Supp. 240, this one is accompanied by numerous documents in the same handwriting as the application, presumably Green's, including one which purports to be a copy of a letter from Chief Justice Edward F. Merrill of the Supreme Judicial Court of the State of Maine to Green dated April 8, 1953. Also with the application is an affidavit by Green attesting the truth of its accompanying documents, including the copy of Chief Justice Merrill's letter. That letter reads as follows:

"Dear Sir:

"Your letter of April 7th relative to being allowed to proceed in forma pauperis before the Law Court on less than the required number of printed cases and briefs received. The Clerk informs me that the record of your applications for habeas corpus discloses that you have filed at least 13 petitions

therefor, all of which have been denied. I find that you took exceptions to my ruling denying your petition for habeas corpus and that on November 6, 1950 I allowed the bill of exceptions and on that date wrote you that I had done so and sent it to the Clerk of Courts at Rockland, that the Court Reporter had informed me that he sent a copy of the hearing to the Warden to be delivered to you and also that he had filed an official copy with the Clerk of Courts. Those exceptions being to my ruling, I had nothing further to do with the matter, but I understand from the Clerk of the Law Court that those exceptions were overruled.

"At present there is no provision allowing proceedings before the Law Court in forma pauperis. The rules of court relative to the filing of records and briefs apply to all persons alike.

"I am writing to the Clerk of Courts in Knox County to find out just what is the state of the record in your case.

"Yours very truly,
"S/Edward F. Merrill
"Edward F. Merrill"

The situation with respect to exhaustion of state remedies as disclosed by the application and its accompanying documents is not as clear as it might be. In these cases it very seldom is. However, by stretching a point here and there, I find in the papers ground for assuming that Green has gone as far as he can as a pauper in the courts of his State, and that his way on to an adjudication of his claim for relief by the Supreme Judicial Court of the State of Maine is barred by his poverty, whereby he is not in a position to apply to the Supreme Court of the United States for a writ of certiorari directed to the highest court of his state. If this be so, his lack of funds would, as we indicated in Buchanan v. O'Brien, 1 Cir., 1950, 181 F.2d 601, 605 and affirmed in O'Brien v. Lindsey, 1 Cir., 204 F.2d 359, "probably constitute a circumstance 'rendering such process (i. e., a theoretical right to review by the full bench) ineffective to protect the rights of the prisoner' within the meaning of 28 U.S.C.A. § 2254." I therefore assume that exhaustion of available state remedies adequately appears, and hence that Green's application is before me on its merits. I may be in error in making this assumption, but if I am wrong in considering the merits of Green's application, certainly no harm is done to Green. Nor is any harm done to the State of Maine, for it seems to me that Green's allegations on their face are so devoid of substance that his application should be denied without troubling the State even to show cause why his application ought not to be granted.

■■■■ Green alleges numerous matters, some of which occurred before his trial, some during his trial and some thereafter, which he says show that his present detention is in violation of rights guaranteed to him by the Constitution of the United States. He says that he was arrested by a police officer without a warrant at a time when he was not "in the act of committing a crime," that upon arrest his person was searched, and in addition that the police searched his home without having previously obtained a warrant therefor, and furthermore that a local newspaper "carried an article concerning his arrest" and the "same was broadcasted" over a local radio station. None of these allegations indicate the deprivation of any federal constitutional right. Indeed, they are so obviously insubstantial that comment upon them is hardly necessary. However, I may as well point out that an arrest by a police officer without warrant can be entirely legal even though not made during the actual commission of a crime, and in addition that even an illegal arrest does not render a subsequent trial constitutionally invalid, Frisbie v. Collins, 1952, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541; that a search of the person upon arrest violates no federal constitutional right, see United States v. Rabinowitz, 1950, 339 U.S. 56, 60, 70 S.Ct. 430, 94 L.Ed. 653; that there is no allegation that the search of Green's home brought any evidence against him to light, or, if it did, that such evidence was used at the trial; and finally that it does not appear that the publicity attending Green's arrest was so widespread,

or of such a nature as to call for a continuance as in Delaney v. United States, 1 Cir., 1952, 199 F.2d 107. See Stroble v. California, 1952, 343 U.S. 181, 72 S.Ct. 599, 96 L.Ed. 872.

 Furthermore, Green says that while he was being held in jail awaiting indictment (he did not post bail), mail to and from his attorney was opened without his authority, and when he complained he "was locked-up and held incommunicado, in violation of his rights to counsel and due process of law." The opening and inspection of mail passing back and forth between prisoners and those at liberty is an ordinary, usual and obviously essential incident to the safe custody of prisoners. The practice violates no constitutional right of which I am aware. The rest of the allegation, concerning holding Green "incommunicado," hints at a more serious matter in that it suggests that Green was denied access to his counsel. This, however, clearly was not so, for it appears that Green was represented at his trial by experienced counsel of his own choice, and it is nowhere suggested in the application for the writ that Green's counsel did not have full opportunity to prepare his defense. The further allegation that holding Green "incommunicado" constituted cruel and unusual punishment need not concern us, if for no other reason than because Green is no longer so held.

 Green's allegations with respect to events occurring at his trial are that the indictment is not clear, that the complaining witness who signed the complaint in the municipal court which bound him over was not called upon by the state to testify, that witnesses called by the state were not put under oath and they testified falsely, that the record of his trial is inaccurate and has been altered by various state officials as part of a plot to imprison Green illegally, that Green's counsel was limited in the scope of his cross-examination of a witness for the state, and that his counsel left the courtroom after the charge to the jury. It is evident from the mere reading of these allegations that most of them afford no basis whatever for the issuance of a writ of habeas corpus. Other matters alleged are obviously insubstantial, and moreover all of them are proper for consideration by the Supreme Judicial Court of Maine on direct review of Green's conviction, and no doubt would have been considered by that Court on the bill of exceptions filed by Green following his conviction and allowed by the trial court, had the bill not been dismissed for lack of prosecution.

The principal events after trial which are alleged in support of this application are denial of an opportunity to post bail following conviction, and the issuance of more than one mittimus.

 The first ground is clearly untenable. Bail after conviction is not a matter of constitutional right. It is a matter of judicial grace, and therefore it is obvious that there was no abuse of discretion in not granting Green a stay of execution to allow him to find bail.

 It appears that after conviction Green was committed to the sheriff for delivery to the Warden of the State Prison to begin the service of his sentence, and that after his bill of exceptions asserting errors at his trial was dismissed by the Supreme Judicial Court of the State of Maine for lack of prosecution, another mittimus of like tenor was issued in spite of the fact that he was under confinement pursuant to the first one. In both of these mittimi the crime for which he was convicted was described as forgery, but this seems to have been a clerical error, for at a later date the trial court issued a third mittimus on the prosecuting attorney's motion committing Green for uttering a forged instrument. The issuance of this corrected mittimus seems to be Green's principal ground for complaint. It has no validity. Courts traditionally have power to correct formal errors in their process and this is all the court did in this case when it issued its third mittimus. Green's incarceration was not prolonged thereby for all three mittimi bear the same date. The error in the first two mittimi was purely clerical and as such it affords no basis for federal habeas cor-

pus, which requires substantial error for its support.

Nor does the whole situation—all the facts alleged by Green—indicate that he had an unfair trial, or is at present confined in violation of any of his federal constitutional rights. I therefore find no basis in his allegations for the issuance of the writ requested. It is, therefore, Ordered, Adjudged and Decreed that the present application of George F. Green, dated May 22, 1953, for a writ of habeas corpus be, and the same hereby is, denied.