## EX PARTE HAWK.

No. —.  Decided January 31, 1944.

*Henry Hawk, pro se.*

*Mr. Walter R. Johnson,* Attorney General of Nebraska, for Neil Olson, Warden, respondent.

PER CURIAM.

This case comes here on petitioner's application for leave to file in this Court his petition for writ of habeas corpus.  Petitioner is confined in the Nebraska State Penitentiary under sentence for murder imposed by the Nebraska District Court.

His present proceeding has been prefaced by several earlier applications to both state and federal courts.  His petition for habeas corpus was denied without a hearing

by the Nebraska District Court whose decision was affirmed by the Nebraska Supreme Court, *Hawk* v. *O'Grady,* 137 Neb. 639, 290 N. W. 911. This Court denied certiorari, 311 U. S. 645. Petitioner then filed in the United States District Court for Nebraska a petition for habeas corpus, alleging matters not previously brought to the attention of the state courts. This application was denied without a hearing, and the Circuit Court of Appeals for the Eighth Circuit affirmed on the ground that petitioner had not exhausted his state remedies, *Hawk* v. *Olson,* 130 F. 2d 910. We denied certiorari. 317 U. S. 697. Petitioner then urged his present contentions upon the Nebraska Supreme Court in a petition for writ of habeas corpus which that court denied without opinion. We denied his petition for habeas corpus upon like allegations but without prejudice to presentation of the matters alleged to the United States District Court, *Ex parte Hawk,* 318 U. S. 746.

Petitioner accordingly renewed his petition for writ of habeas corpus to the United States District Court for Nebraska and filed a like petition with the senior Circuit Judge for the Eighth Circuit; both petitions have been denied, and leave to appeal to the Circuit Court of Appeals for the Eighth Circuit has been denied by the senior Circuit Judge of that circuit. Petitioner thereupon filed the present application in this Court.

In the application now before us, and in those filed with the United States District Court and the senior Circuit Judge of the Eighth Circuit, petitioner alleges, among other things, that the state court forced him into trial for a capital offense, Neb. Comp. Stat. § 28–401, with such expedition as to deprive him of the effective assistance of counsel, guaranteed by the due process clause of the Fourteenth Amendment, *Powell* v. *Alabama,* 287 U. S. 45; see *Smith* v. *O'Grady,* 312 U. S. 329; compare *Betts* v. *Brady,* 316 U. S. 455, and that his conviction was based in part on the intro-

duction at the trial of evidence known by the prosecution to be perjured, *Mooney* v. *Holohan,* 294 U. S. 103.

From our examination of the papers presented to us we cannot say that he is not entitled to a hearing on these contentions, *Walker* v. *Johnston,* 312 U. S. 275, 284–7; *Holiday* v. *Johnston,* 313 U. S. 342, 350; *Waley* v. *Johnston,* 316 U. S. 101, 104–5; *Cochran* v. *Kansas,* 316 U. S. 255, 258. But, as was pointed out by the District Court and Circuit Judge, petitioner has not yet shown that he has exhausted the remedies available to him in the state courts, and he is therefore not at this time entitled to relief in a federal court or by a federal judge.

So far as appears, petitioner's present contentions have been presented to the state courts only in an application for habeas corpus filed in the Nebraska Supreme Court, which it denied without opinion. From other opinions of that court it appears that it does not usually entertain original petitions for habeas corpus, but remits the petitioner to an application to the appropriate district court of the state, from whose decision an appeal lies to the state Supreme Court, *Williams* v. *Olson,* 143 Neb. 115, 8 N. W. 2d 830, 831; see *In re White,* 33 Neb. 812, 814–15, 51 N. W. 287. From that court the cause may be brought here for review if an appropriate federal question is properly presented.

Of this remedy in the state court petitioner has not availed himself. Moreover, Nebraska recognizes and employs the common law writ of error coram nobis which, in circumstances in which habeas corpus will not lie, may be issued by the trial court as a remedy for infringement of constitutional right of the defendant in the course of the trial, *Carlsen* v. *State,* 129 Neb. 84, 94–8, 261 N. W. 339. Until that remedy has been sought without avail we cannot say that petitioner's state remedies have been exhausted.

Ordinarily an application for habeas corpus by one detained under a state court judgment of conviction for

crime will be entertained by a federal court only after all state remedies available, including all appellate remedies in the state courts and in this Court by appeal or writ of certiorari, have been exhausted. *Tinsley* v. *Anderson,* 171 U. S. 101, 104–5; *Urquhart* v. *Brown,* 205 U. S. 179; *United States ex rel. Kennedy* v. *Tyler,* 269 U. S. 13; *Mooney* v. *Holohan, supra,* 115; *Ex parte Abernathy,* 320 U. S. 219. And where those remedies have been exhausted this Court will not ordinarily entertain an application for the writ before it has been sought and denied in a district court or denied by a circuit or district judge. *Ex parte Hawk, supra; Ex parte Abernathy, supra.*

The denial of relief to petitioner by the federal courts and judges in this, as in a number of other cases, appears to have been on the ground that it is a principle controlling all habeas corpus petitions to the federal courts, that those courts will interfere with the administration of justice in the state courts only "in rare cases where exceptional circumstances of peculiar urgency are shown to exist." See *In re Anderson,* 117 F. 2d 939, 940; *In re Miller,* 126 F. 2d 826, 827; *Kelly* v. *Ragen,* 129 F. 2d 811, 814–15; *Hawk* v. *Olson, supra,* 911–13; *Marsino* v. *Hogsett,* 37 F. 2d 409, 414; *United States ex rel. Foley* v. *Ragen,* 52 F. Supp. 265, 269–270; cf. *United States ex rel. Murphy* v. *Murphy,* 108 F. 2d 861, 862. To this, some courts have added the intimation that when the writ is sought by one held under a state conviction the only remedy ordinarily to be had in a federal court is by way of application to this Court. *Ex parte Jefferson,* 106 F. 2d 471, 472; *Kramer* v. *Nevada,* 122 F. 2d 417, 419; *In re Miller, supra; Hawk* v. *Olson, supra,* 913; cf. *Kelly* v. *Ragen, supra,* 814.

The statement that the writ is available in the federal courts only "in rare cases" presenting "exceptional circumstances of peculiar urgency," often quoted from the opinion of this Court in *United States ex rel. Kennedy* v. *Tyler,*

*supra,* 17, was made in a case in which the petitioner had not exhausted his state remedies and is inapplicable to one in which the petitioner has exhausted his state remedies, and in which he makes a substantial showing of a denial of federal right.

Where the state courts have considered and adjudicated the merits of his contentions, and this Court has either reviewed or declined to review the state court's decision, a federal court will not ordinarily re-examine upon writ of habeas corpus the questions thus adjudicated. *Salinger* v. *Loisel,* 265 U. S. 224, 230–32. But where resort to state court remedies has failed to afford a full and fair adjudication of the federal contentions raised, either because the state affords no remedy, see *Mooney* v. *Holohan, supra,* 115, or because in the particular case the remedy afforded by state law proves in practice unavailable or seriously inadequate, cf. *Moore* v. *Dempsey,* 261 U. S. 86; *Ex parte Davis,* 318 U. S. 412, a federal court should entertain his petition for habeas corpus, else he would be remediless. In such a case he should proceed in the federal district court before resorting to this Court by petition for habeas corpus.

As petitioner does not appear to have exhausted his state remedies his application will be denied without prejudice to his resort to the procedure indicated as appropriate by this opinion.

*Application denied.*