722

pra.[10] It should be borne in mind also that the captain, as shown by plaintiff's Exhibit No. 2, stated that Spellman's condition was "very bad". While he testified that he made this notation and the others on the exhibit in order to save Spellman from discipline by her union, the question of why he made the notation and what he meant by it is a jury question.

In conclusion we point out that it will be necessary for the court below when the evidence has been received at the new trial adequately and clearly to charge the jury upon (a), (b) and (c). We state also that the circumstances of the instant case are such that it is one in which the device of special findings by the jury may be profitably employed.

The judgment based on the verdicts in favor of American will be reversed and the case will be remanded for a new trial.

Jesse R. Mowery, in pro. per.

Richard W. Ervin, Atty. Gen. of Florida, Reeves Bowen, Asst. Atty. Gen. of Florida, for appellee.

Before SIBLEY, McCORD and WALLER, Circuit Judges.

PER CURIAM.

The applicant for the writ of habeas corpus not having exhausted his remedies in the State Courts, the District Judge properly declined to interfere. Ex parte Hawk, 321 U.S. 114, 116, 64 S.Ct. 448, 88 L.Ed. 572; Wade v. Mayo, 334 U.S. 672, 681, 68 S.Ct. 1270, 92 L.Ed. 1647.

Judgment affirmed.

**MOWERY v. MAYO.**

No. 12653.

United States Court of Appeals Fifth Circuit.

March 24, 1949.

**SCHREIER v. M. H. FISHMAN CO., Inc.**

No. 9409.

United States Court of Appeals Third Circuit.

Argued March 18, 1948.

Decided July 2, 1948.

[10] Judge Goodrich said, 169 F.2d at page 64, "It is worth while reminding ourselves of the orthodox rule that seamen are wards of the admiralty."