### LINSLEY v. YERBURY.

Civ. A. No. 2612.

United States District Court
D. Connecticut.

May 13, 1949.

Arthur J. Gross, Boston, Mass., for petitioner.

No appearance for respondent.

SMITH, District Judge.

The petitioner, Merwin H. Linsley, confined in the Connecticut State Hospital at Middletown, has filed an application in forma pauperis, pursuant to Section 1915, Title 28 United States Code Annotated, for a writ of habeas corpus, asserting that he was committed without due process of law, that he has been confined at said institution from November 29, 1945 to the present, that he is sane, and that his detention is in violation of the Fifth, Thirteenth and Fourteenth Amendments of the Constitution of the United States.

The power of this Court to entertain such petition is limited by statute. Section 2242, Title 28 United States Code Annotated, requires that an application for the writ of habeas corpus "shall allege the facts concerning the applicant's commitment or detention, the name of the person who has custody over him and by virtue of what claim or authority, if known." A further limitation is prescribed by Section 2254, Title 28 United States Annotated, which provides that the petition shall not be granted "unless it appears that the applicant has exhausted the remedies available in the courts of the State."

The petitioner's application contains a bare statement of when he was committed, where he is confined, who has custody over him, and what he has done, and a barren assertion that he was committed without

664

due process of law and is detained in violation of the Constitution. But the application does not allege the facts surrounding his commitment, nor does it appear on what charge he was committed and by what claim or authority, if known, he is detained.

The application does not relate any facts to satisfy the statutory requirement of exhaustion of state remedies. It does not appear that petitioner availed himself of his right to appeal from the order of commitment nor that he has filed a formal petition for the writ in the state court. Vid. Sections 2673, 2654, Connecticut General Statutes (Revision of 1949). Though the application does narrate summarily the mailing of two letters of petition to courts of the state, there is no indication that petitioner, failing to receive any relief thereby, has availed himself of the writ of mandamus to compel consideration of his petition.

There is nothing in the application that evidences any attempt by the petitioner to obtain discharge from his confinement by application and satisfactory proof made to the Probate Court, or the officers, directors, or trustees of the hospital as provided for in Section 2652, Connecticut General Statutes (Revision of 1949). Apparently neither the petitioner nor his counsel has resorted to the Superior Court for the appointment of a commission to inquire whether petitioner is wrongfully confined. Vid. Section 2682, Connecticut General Statutes (Revision of 1949).

The petitioner here has not demonstrated by his application that he has exhausted his state remedies nor has he made a showing that would satisfy the Court that his is a "rare case" presenting "exceptional circumstances of peculiar urgency", coupled with the disclosure of a denial of a federal right, which, even in the absence of exhaustion of the state remedies, might entitle him to the issuance of a writ. Cf. Ex parte Hawk, 1944, 321 U.S. 114, 117, 118, 64 S.Ct. 448, 88 L.Ed. 572; U. S. ex rel. Kennedy v. Tyler, 1925, 269 U.S. 13, 17, 46 S.Ct. 1, 70 L.Ed. 138. There is no assertion in the petition that would indicate that the petitioner at any time has

raised the claimed constitutional issues in the courts of the state. Cf. Wade v. Mayo, 1948, 334 U.S. 672, 68 S.Ct. 1270, 92 L.Ed. 1647.

No sufficient facts are alleged to lay a foundation for the issue of a writ of habeas corpus. There are remedies available to the petitioner under which he can invoke judicial action in the state courts to determine the validity or invalidity of his present confinement.

The application for writ of habeas corpus is denied.