**GERRISH v. LOVELL.**

No. 674.

United States District Court
D. Maine, S. D.

Feb. 9, 1950.

Petitioner, pro se.

No appearance for defendant.

CLIFFORD, District Judge.

This petition for writ of habeas corpus was filed by Frederick Gerrish, a prisoner at the Maine State Prison in Thomaston, Maine, and is the second such petition from Gerrish to this court. The first was entered on the docket of this court December 22, 1949, and was denied for two reasons, (a) because petitioner failed to allege the necessary facts concerning his commitment and detention, as required by section 2242 of Title 28, United States Code Annotated, and (b) because petitioner failed to allege that he had exhausted the remedies available to him in the courts of the State of Maine, or that there was an absence of available state corrective process, or that there existed circumstances rendering such process ineffective to protect the rights of petitioner, such allegation being required by section 2254 of Title 28, United States Code Annotated.

After receipt of the original petition, but before that petition was entered on the docket of this court, a letter was sent to petitioner, at the direction of this court, informing him exactly wherein his petition was insufficient, enclosing a copy of the applicable parts of the statute, and giving petitioner an opportunity to amend. By letter dated December 21, 1949, petitioner stated that he "had complied to the requirements as provided in Title 28 U.S.C. § 1914, also 28 U.S.C. § 2242." It being apparent that petitioner did not wish to avail himself of the opportunity to amend his petition, the Court ordered it filed, and on January 3, 1950, issued its opinion and order denying the petition.

A motion "to grant an appeal" from that order was filed by petitioner January 9, 1950. This motion was denied by the court, and a certificate of probable cause for appeal was refused, on January 13, 1950.

In the petition presently before the court, the petitioner made many statements which are mere conclusions of law, unsupported by allegations of fact. The present petition does, however, contain substantial allegations of fact which were absent in the original petition; and, therefore, it is entitled to the consideration of this court.

Petitioner states that he is without any effective remedy in the state courts of Maine; and for that reason he brings to this court his complaint against the allegedly unconstitutional procedure in his trial and imprisonment. This court is of the opinion that petitioner has not exhausted the state remedies available to him and that, therefore, his petition is not

properly before this court. However, because a number of similar petitions have been presented to this court in recent months, this court considers it appropriate to discuss the allegations of the present petition in some detail.

Since some of the allegations are repetitive, they will be grouped together for consideration here.

Petitioner alleges that he is now in prison for a crime of larceny, for which he has previously served a sentence, and that he has been placed in jeopardy of his liberty twice for the same offense. Petitioner states that he was convicted in the Municipal Court of the City of Lewiston, Maine, on November 4, 1948, on a charge of intoxication, with which we are not concerned, and a charge of petty larceny; and that he received sentences of thirty and sixty days on these charges respectively. This court has obtained a certified copy of the records of the Lewiston Municipal Court in this case, including the mittimus, issued on November 4, 1948. These records show (a) that the larceny charge involved a bank check worth $12, allegedly stolen from one Taglienti of Livermore Falls, Maine, on October 4, 1948, and (b) that the sentence on that charge was ninety days, not sixty days as alleged by petitioner. No appeal was entered by petitioner, and, accordingly, he was committed and served the sentence imposed.

Thereafter, at the January term of the Superior Court at Auburn, in the County of Androscoggin, Maine, petitioner was indicted on the charge of breaking and entering the store of one Taglienti in Livermore Falls in the nighttime of October 1, 1948, and stealing therefrom money and bank checks to the total value of more than $800, in violation of Maine Rev.Stat.1944, C. 119, sec. 3. This court has also obtained a certified copy of the records in the Superior Court in this case. The indictment, number 4216, consists of one count and sets forth a description of the bank checks allegedly stolen by petitioner.

At the April term of the Androscoggin County Superior Court, petitioner was tried by a jury and found guilty of the charge in the indictment; that is, breaking, entering, and larceny in the nighttime, and not larceny alone, as he alleges in his petition. He was sentenced to serve a term of from two to four years at the state prison. He is now serving that sentence.

■ This court is not concerned with the question whether the $12 check referred to in the petty larceny charge, of which petitioner was convicted in the Lewiston Municipal Court, was one of the checks included in the count of the indictment returned in the Androscoggin Superior Court, since a plea of double jeopardy must be raised at the trial as a plea in bar and is not properly raised in a habeas corpus proceeding. Ex parte Steele D.C.Pa.1948, 79 F.Supp. 428.

Petitioner likewise alleges that the Superior Court does not mention an appeal by him, but the docket of that court clearly shows that he appealed from the denial of his motion, to set aside the verdict of guilty and that he be granted a new trial. The Superior Court docket also shows that he was allowed thirty days to file an extended bill of exceptions in the Maine Law Court. But petitioner failed to exercise any of the rights given him under Maine law, to present these questions in the state courts. He did not prosecute his appeal to the Law Court; and he failed to file his bill of exceptions within the time allowed him. Since his imprisonment he has filed no petition with the Superior Court of Knox County, where the prison is located, either for a writ of habeas corpus, or for a writ of error. He still has the right to come into that court seeking either remedy.

■ Since petitioner still has a right of access to the Maine courts, he cannot seek redress in this court. This rule holds under sec. 2254 of Title 28, except when circumstances exist rendering the state process ineffective to protect the rights of petitioner. We will now consider petitioner's allegations in this regard.

Petitioner alleges that he attempted to secure counsel before trial, but was ob-

structed in that attempt by the county jailers. He alleges that he called this fact to the attention of the presiding judge and that he also asked the judge to "certify to the United States District Court for a petition of habeas corpus to secure counsel", which request, he says, the judge ignored. He fails to mention, however, a fact which appears on the Superior Court docket, that he was represented by counsel up to the date of trial. The docket also shows, without disclosing the reason therefor, that counsel withdrew from the case on the morning of the trial.

Any question relating to the lack of counsel at this trial could have been decided in the state court, and can still be decided there by writ of habeas corpus or writ of error.

Petitioner alleges that the presiding judge denied his motion for a continuance of his trial. This decision was within the discretionary powers of the trial judge. Any abuse of his discretion is a matter for decision by the state court.

Petitioner alleges that when he filed his appeal he was placed under $5,000 bond and remanded to the custody of the sheriff; and that the warden of the state prison, respondent herein, seized petitioner while he was "under bail on motion of appeal" and committed him to state prison. As to this point, the record shows that the bail set for petitioner was $500, not $5,000. The petitioner, having failed to furnish bail or to ask for a stay of execution, was committed in execution of his sentence, under a Maine statute, pertinent parts of which are quoted in the footnote.*

This statute is plainly designed for the humane purpose of helping the prisoner complete his sentence as soon as possible, in the event that he is unable to furnish the required bail. In the opinion of this court, no federal question would be involved in this allegation, even if the case were properly in this court.

Petitioner alleges that he "attempted repeatedly to avail himself of his right to petition the state court for redress; that his efforts were denied and obstructed by the warden for a period of nine months; that it was only after he was forced to smuggle a petition and complaint to the United States Court of Appeals that he was able to bring this infringement of his right to the guarantee of due process of law to the attention of the Court", and concluded, "That his rights have been so violated and abridged that it is impossible to secure redress in the state court."

The United States Court of Appeals for the First Circuit has received several letters sent by this petitioner to it and a voluminous correspondence has been exchanged between petitioner and this court. In each case letters have been promptly mailed or delivered without any hindrance or delay from the authorities in charge of the state prison. This court has every reason to believe that at any time during the past several months a petition for a writ of habeas corpus or a writ of error could have been filed by petitioner and that such a petition can still be filed by him in the Superior Court, Knox County, where the state prison is located.

In the opinion of this court, this is not "one of the rare cases where exceptional circumstances of peculiar urgency" appear to justify the interference by this court with the administration of justice in the State Court. See Ex Parte Hawk, 1944, 321 U.S. 114, 117, 64 S.Ct. 448, 88 L.Ed. 572.

This Court is of the opinion that the petitioner, who is imprisoned under judgment of the Maine Court, has not exhausted the remedies provided to him under Maine law, and, therefore, that his petition for habeas corpus is improperly before this Court. His petition should be and is hereby denied.

---

* Maine Rev.Stat.1944, C. 135, Sec. 29: " * * * where exceptions are allowed, the defendant may, when the offense charged is bailable, recognize with surety, in such sum as the court orders, * * *. If he does not so recognize, the court, on request of the defendant upon whom sentence is imposed may allow stay of execution of sentence, in which case commitment shall be to await final decision; otherwise, such commitment shall be in execution of sentence. * * * "