**GOODMAN v. LAINSON, Warden.**

**No. 14103.**

United States Court of Appeals,
Eighth Circuit.

June 15, 1950.

Frederick W. Lehmann, St. Louis, Mo., for appellant.

No appearance on behalf of appellee.

Before GARDNER, Chief Judge, and WOODROUGH and THOMAS, Circuit Judges.

GARDNER, Chief Judge.

Appellant's petition for a writ of habeas corpus to secure a release from imprisonment in the State Penitentiary of Iowa on a State Court conviction was denied by the trial court and this appeal in forma pauperis is from the order denying appellant's petition. In his petition which was filed December 13, 1949, it is alleged that he is a prisoner in the Iowa State Penitentiary by virtue of a sentence not to exceed ten years imposed by the District Court of Shelby County, Iowa, October 29, 1946, for "breaking and entering"; that he has exhausted all remedies in Iowa; that application for writ of certiorari was denied by the Supreme Court, as well as petition for rehearing; that an earlier application to the Federal District Court had been denied because he had not, prior to filing his application, exhausted his State remedies.

In addition to the allegations showing that he had exhausted his State remedies and had unsuccessfully applied for certiorari to the Supreme Court, it is alleged (1) that subsequent to his arrest he was held by the Sheriff of Shelby County, Iowa, for a period of twenty-four days without hearing before a magistrate; that he was subjected to coercion and duress and drugged before being taken to a judge when plea of guilty was entered without full understanding, in violation of the Constitution; (2) that the information was filed against him and prosecuted while the grand jury was in session, contrary to the provisions of the constitution and code of Iowa; (3) that the attorney representing him had been elected County Attorney for Shelby County, Iowa, but was on leave of absence from his duties and during this leave of absence he defended petitioner and his actions and advice were that of a prosecutor and ex officio member of the court and that he at no time objected to any of the illegal methods by which defendant was denied due process of law but that his efforts were bent toward securing a conviction.

Attached to and made a part of appellant's petition were numerous exhibits. These showed, we think, that he had exhausted all available State remedies, including application for writ of certiorari to the Supreme Court of the United States.

The offense with which appellant was charged was that of "breaking and entering" in violation of Section 13001 of the 1939 Code of Iowa, I.C.A. § 708.8. During the commission of the offense charged he was wounded by gun shot and placed in a hospital for treatment where he remained for eight days, after which time he was placed in jail by the sheriff. Subsequent to his release from the hospital and while he was still in jail he was treated by a physician and during such treatment drugs of the total cost of $54 were administered to him.

The views of the trial court may be gathered from the following statement contained in the order denying appellant's petition: "It may be that since petitioner has now been denied a writ of certiorari from the Supreme Court of the United States, that this court has jurisdiction to entertain the petition here. However, a rereading of the entire application, with all the exhibits attached, does not persuade this court that this is one of those 'rare cases where exceptional circumstances of peculiar urgency are shown to exist' that would warrant the issuance of such a writ."

The appellant appeared as his own attorney and prepared his application for writ without the assistance of counsel and the language of his petition is inept, but as said by the Supreme Court in Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 590. "To make this protection effective for unlettered prisoners without friends or funds, federal courts have long disregarded legalistic requirements in examining applications for the writ and judged the papers by

the simple statutory test of whether facts are alleged that entitle the applicant to relief."

Liberally construing appellant's petition it is apparent that he attempts to charge, first, that at the time of entering his plea of guilty he was under the influence of drugs administered to him by the attending physician to the extent that he was incapable of intelligent action and hence his plea was not voluntary, and second, that he did not have the good faith assistance of counsel, his counsel being in fact the duly elected prosecuting attorney, though on leave of absence. There was no denial of any of these allegations, nor was there any hearing at which evidence was heard but the court based its decision entirely upon the record as made by the appellant.

Section 2254, Title 28 U.S.C.A. provides as follows:

"An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

By this statute Congress adopted the rule of Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 450, 88 L.Ed. 572, where it is said: "Ordinarily an application for habeas corpus by one detained under a state court judgment of conviction for crime will be entertained by a federal court only after all state remedies available, including all appellate remedies in the state courts and in this Court by appeal or writ of certiorari, have been exhausted."

■ The doctrine of this case has recently been reaffirmed by the Supreme Court in Darr v. Burford, supra, and it is now definitely established that a Federal court will not grant writ of habeas corpus on application of one detained under a State court judgment unless he has exhausted all remedies available in the courts of the state, including application for writ of certiorari to the Supreme Court, except "in rare cases where exceptional circumstances of peculiar urgency are shown to exist." The trial court dismissed appellant's application because it did not present special circumstances. It overlooked the fact that this rule is applicable only where the petitioner has failed to pursue all his available remedies in the State court. In the Hawks case it is said that, "The statement that the writ is available in the federal courts only 'in rare cases' presenting 'exceptional circumstances of peculiar urgency', often quoted from the opinion of this Court in United States ex rel. Kennedy v. Tyler, supra, 269 U.S. 13, 17, 46 S.Ct. 1, 70 L.Ed. 138, was made in a case in which the petitioner had not exhausted his state remedies and is inapplicable to one in which the petitioner has exhausted his state remedies, and in which he makes a substantial showing of a denial of federal right."

■ The question here is not what showing must be made by an applicant in a Federal court for writ of habeas corpus to secure release from imprisonment under a State court conviction, who has not exhausted all State remedies available to him, but whether one so imprisoned who has exhausted all his available State remedies may be heard on the merits of his application without showing special circumstances. In Darr v. Burford, supra, the court in referring to the effect to be given the denial of an application for writ of certiorari in a case where, after such refusal, the prisoner presents his application to a Federal court, among other things says, "There should be no controversy over whether the refusal of certiorari 'would serve the purpose of an adjudication on the merits.' All the authorities agree that res judicata does not apply to applications for habeas corpus. The courts must be kept open to guard against injustice through judicial error. Even after this Court has

declined to review a state judgment denying relief, other federal courts have power to act on a new application by the prisoner. On that application, the court may require a showing of the record and action on prior applications, and may decline to examine further into the merits because they have already been decided against the petitioner. Thus there is avoided abuse of the writ by repeated attempts to secure a hearing on frivolous grounds and repeated adjudications of the same issues by courts of coordinate powers."

The allegations of appellant's petition may tax credulity and the trial court may be convinced on examination of the record on prior hearings that the merits of appellant's claims have already been determined against him on such applications or that he has not exhausted his State remedies with respect to such claims. This, however, has not been done and the record before us is insufficient to enable us to do so. The case has been disposed of on an erroneous theory which we think requires reversal. The order appealed from is therefore reversed and the cause remanded for further proceedings consistent with this opinion.