**FRAZIER v. ELLIS.**

No. 13892.

United States Court of Appeals
Fifth Circuit.

May 2, 1952.

Rehearing Denied May 27, 1952.

232

Oscar Owen Frazier, in pro. per.

Willis E. Gresham, Austin, Tex., for appellee.

Before HOLMES, RUSSELL and RIVES, Circuit Judges.

RUSSELL, Circuit Judge.

In this proceeding Oscar Owen Frazier sought release from detention by virtue of State process. The trial Court declined either to issue a writ of *habeas corpus* or an order to show cause. An appeal was allowed in *forma pauperis*, but the judge refused to issue a certificate of probable cause. The record has been filed here and upon our consideration of it and the briefs we issue such a certificate and consider the appeal.

The only point now insisted upon is that the sentence imposed upon the appellant by the State Court of Texas in 1934 should be declared void because Frazier was prevented from taking an appeal at that time to the Court of Criminal Appeals of Texas, and that he is deprived of a transcript upon which an appeal can be prosecuted. It is charged this was accomplished as the result of his appointed counsel dismissing his motion for a new trial without his consent, and the failure of the trial Court to furnish him, a pauper, the transcript of the record and to settle a bill of exceptions. It is further contended that in the intervening years the reporter's notes have been burned and are not now available. Since the notes are now unavailable and can not be used to support a belated appeal, appellant insists he is entitled to discharge.

Attached to the petition for the writ are full copies of applications for the writ of *habeas corpus* heretofore made to the State Court of Texas. These assert the same contentions as are now presented, except for a charge of fraud to which we later refer. The Court of Criminal Appeals of Texas refused to consider the petition because it found no merit therein. The Supreme Court of the United States denied an application for the writ of certiorari to review the State Court's ruling. Therefore, in substance, the case is one where the State Courts "have adjudicated the merits of his contentions" and the Supreme Court "has declined to review the State Court's decision." As to the same points then involved the trial Court was not required to re-examine the questions thus adjudicated. Ex parte Hawk, 321 U.S. 114, 118, 64 S.Ct. 448, 88 L.Ed. 572.

It is true that in appellant's brief in the trial Court, but not in his petition, it is charged that the destruction of the reporter's notes was fraudulently done pursuant to a conspiracy between the Court reporter and the District Attorney. Such a charge, not made in the former proceedings to which it would have been highly relevant, and even so, now made years after the event, would not seem entitled to much weight even if presented as a pleading. Furthermore, it would be unusual if the Court reporter kept his notes for eleven years.[1]

---

1. Cf. Art. 2324, Vernon's Civil Statutes of Texas.

In short, the applicant who has waited until in all likelihood the notes would be destroyed to make a claim for them, and, upon their unavailability, predicates a claim of deprivation of right does not launch his attack from a favorable position.[2] But however this may be, if such an issue is to be determined, the language and spirit of Section 2254 of Title 28 U.S.C., requires that it be first made in the State Courts.

We find no reversible error in the judgment of the trial Court.

Judgment affirmed.

2. Cf. Bowen v. United States, 5 Cir., 192 F.2d 515, 517.