**HORTON v. SKEEN, Warden.**
Civ. No. 385–F.

United States District Court,
N. D. West Virginia,
Fairmont Division.

Dec. 28, 1953.

the Supreme Court of the United States, a federal District Court will not ordinarily re-examine upon writ of habeas corpus the questions thus adjudicated. Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572.

I might add that I have read the petition and find nothing therein which would justify the court in granting the relief asked.

Petition dismissed.

W. Ralph Musgrove, Fairmont, W. Va., for petitioner.

WATKINS, District Judge.

The petitioner, Gilmore J. Horton, is presently incarcerated at West Virginia Penitentiary, Moundsville, West Virginia, under a sentence of 5 to 18 years imposed upon him by the Intermediate Court of Kanawha County, West Virginia, for the slaying of one Thomas Raines. By a petition for the writ of habeas corpus received by this court August 25, 1953, and a subsequent petition dated September 28, 1953, which will be treated as an amendment to the first petition, petitioner seeks to obtain his release from the penitentiary.

An examination of these petitions fails to disclose that the petitioner has exhausted available state corrective processes before applying to this court for relief, as provided for by Title 28, U.S. C.A. § 2254. This court has consistently held that the exhaustion of state remedies includes denial of certiorari by the Supreme Court of the United States to review the action of the highest state tribunal in refusing habeas corpus to state prisoners. It is readily apparent therefore that this court is without jurisdiction to entertain the submitted petition and amendment. However, the petition will be docketed and dismissed. Where petitioner has exhausted his state remedies and the same points have been considered and decided unfavorably to the petitioner by the highest court of the state, and certiorari has been denied by