Gilmore J. HORTON, Petitioner,

v.

Orel J. SKEEN, Warden, West Virginia
Penitentiary, Respondent.

Civ. No. 431–F.

United States District Court,
N. D. West Virginia,
Fairmont Division.

Nov. 23, 1954.

Russell L. Furbee, Fairmont, W. Va.,
for petitioner.

John G. Fox, Atty. Gen., T. D. Kauffelt,
Asst. Atty. Gen., for respondent.

WATKINS, Chief Judge.

This is the second petition filed in this court for a writ of habeas corpus by petitioner, a state prisoner serving a sentence of five to eighteen years in the West Virginia Penitentiary for murder, which sentence was imposed upon him by the Intermediate Court of Kanawha County, West Virginia. The first petition was dismissed by this court on December 28, 1953, because the petitioner failed to show that he had exhausted the available state remedies. Horton v. Skeen, D.C.N.D.W.Va., 118 F.Supp. 271. Petitioner was later denied a certificate of probable cause on February 1, 1954. On appeal the action of this court was affirmed. United States ex rel. Horton v. Skeen, 4 Cir., 213 F.2d 872. He then filed a petition in the Supreme Court of Appeals of West Virginia for a writ of habeas corpus in January, 1954. The writ was denied by that court in January, 1954, and certiorari was denied by the Supreme Court of the United States on April 13, 1954. 347 U.S. 945, 74 S.Ct.

**156**

643. Thereupon the petitioner filed his present petition in this court, and on June 7, 1954, he asked the court for leave to proceed in forma pauperis and for appointment of counsel, which requests were granted. The respondent filed an answer to such petition, and a hearing was held.

 The allegations of the petitioner that he was deprived of trial by jury, assistance of counsel, and of the right to withdraw the plea of guilty, and constitutional right of appeal, were not raised in the petition to the Supreme Court of Appeals of West Virginia, as shown from the certified copy of the petition filed in the Supreme Court of Appeals of West Virginia. This court is without jurisdiction to consider these grounds for issuance of a writ of habeas corpus as there has been a failure to exhaust the state remedy. Darr v. Buford, Warden, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761. Furthermore, these allegations are mere conclusions of law, not supported by any factual allegations which would show the court that the petitioner was actually deprived of his constitutional rights. Mere general assertions of incompetency or disinterest on the part of counsel do not constitute a prima facie showing required by the statute to support a petition for habeas corpus. Dorsey v. Gill, 80 U.S.App.D.C. 9, 148 F.2d 857, 876.

A further ground of error assigned is the allegation that the special judge who accepted petitioner's plea of guilty was improperly selected, because the special judge was from the same locality in which the crime was committed. This is the only reason asserted by the petitioner in support of his contention that the special judge was not properly selected and qualified, and is obviously, without merit.

The petition must be dismissed for the following reasons:

(1) The writ of habeas corpus cannot be used as a substitute for appeal. Petitioner's remedy for error in matters of procedure at his trial was by appeal and not by habeas corpus. United States ex rel. Bowe v. Skeen, D.C.N.D.W.Va., 107 F.Supp. 888.

(2) As the state and federal courts have the same responsibility to protect persons from a failure of their constitutional rights, a federal district court may decline, without a rehearing on the facts, to award a writ of habeas corpus to a state prisoner where the legality of such detention has been determined on the facts presented by the highest state court with jurisdiction. Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572; Goodwin v. Smyth, 4 Cir., 181 F.2d 498; Farley v. Skeen, D.C.N.D.W.Va., 113 F.Supp. 736, 737.

Petition dismissed.