**Roy KNUPPE, Petitioner,**

v.

**Percy A. LAINSON, Warden, Iowa State Penitentiary, Respondent.**

**Civ. No. 1–154.**

United States District Court
S. D. Iowa, E. D.

Dec. 21, 1956.

No attorney for petitioner.

Dayton Countryman, Atty. Gen., State of Iowa, for defendant.

DEVITT, District Judge.

Roy Knuppe has applied to this Court for a Certificate of Probable Cause as a requisite step in an appeal to the Court of Appeals from orders entered on September 13 and 20, 1956, denying his petition for a writ of habeas corpus. 28 U.S.C.A. § 2253. He asks to proceed in forma pauperis.

The file reflects that:

Roy Knuppe was convicted on a plea of guilty in the Iowa State Courts and is now serving a 25-year sentence in the Iowa State Penitentiary. His crime is not revealed.

On April 16, 1956, Knuppe petitioned the United States District Court for the Southern District of Iowa for a writ of habeas corpus. His grounds were (1) that he was denied effective assistance of counsel and (2) was coerced into entering a plea of guilty in the State Court. Previously his petition to the State District Court for a writ of habeas corpus had been returned by the Clerk because of petitioner's failure to pay the required filing fee, and his petition to the Iowa Supreme Court for a writ of mandamus was denied.

Judge Ronald Davies, sitting by assignment in the Southern District of Iowa, decided on April 16, 1956, and again on May 2, 1956, that Knuppe had failed to exhaust his available state remedies and denied the petition for habeas corpus. Thereupon, Knuppe petitioned the Iowa Supreme Court for a writ of habeas corpus. The petition was denied without opinion on July 26, 1956. Knuppe then again petitioned the United States District Court of the Southern District of Iowa for a writ of habeas corpus. On September 13, 1956, this was denied. A petition for reconsideration was likewise denied on September 20, 1956. In denying both petitions, the undersigned, sitting by assignment in the Southern District of Iowa, expressed the view that Knuppe should first apply for a writ of certiorari from the United States Supreme Court before commencing federal habeas corpus proceedings.

The Court cited and relied upon Ex parte Hawk, 321 U.S. 114, 116, 64 S.Ct. 448, 88 L.Ed. 572, and Willis v. Utecht, 8 Cir., 185 F.2d 210, 211.

In connection with the instant application for a Certificate of Probable Cause under 28 U.S.C.A. § 2253, the Court has reconsidered the merits of the previous petition and has re-read the further expressions of the United States Supreme Court on this subject as contained in Wade v. Mayo, 334 U.S. 672, 68 S.Ct. 1270, 92 L.Ed. 1647 and Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761. These cases hold that, although an application for certiorari to the Supreme Court is not an indispensable prerequisite to the commencement of habeas corpus proceedings in the Federal District Court, exceptional circumstances must exist to justify dispensing with this procedure. See Guy v. Utecht, 8 Cir., 144 F.2d 913.

No exceptional circumstances appear in this case; there is no indication of extreme urgency. The petition appears to be the same as the usual run of such requests from State Court prisoners. It is alleged that the petitioner "was forced to defend himself and make all pleas to the trial court, while the attorney appointed to defend your petitioner stood mute." It is further alleged that the petitioner was "unduly frightened and impressed by the officials of the Court," that he was induced to enter a guilty plea, and further advised to enter a plea of insanity and that he would be released immediately.

The Court does not pass on the merits of the petition but does conclude that there is no showing that this is a case reflecting the "exceptional circumstances" required as a condition to a Federal Court entertaining a petition for a writ of habeas corpus by a State Court prisoner. I conclude that this Court's orders dated September 13 and 20, 1956, denying petitioner's request for a writ of habeas corpus, were correct.

Petitioner's request for a Certificate of Probable Cause now places upon me the burden of, in effect, passing upon the correctness of my own decision. This is an uneasy responsibility, but I am thoroughly convinced that there is no substantial question for review and that an appeal would be futile. Under such circumstances, it is my duty to deny the petition for a Certificate of Probable Cause. Higgins v. Steele, 8 Cir., 195 F. 2d 366. See also Alm v. United States 8 Cir., 238 F.2d 604.

Knuppe's application for a Certificate of Probable Cause is denied.