UNITED STATES ex rel. James Joseph
CARRONO

v.

Mark S. RICHMOND, Warden, Connecti-
cut State Prison.

Civ. A. No. 7885.

United States District Court
D. Connecticut.

July 7, 1959.

See also 177 F.Supp. 504.

James Carrono, pro se.

J. JOSEPH SMITH, Chief Judge.

James J. Carrono, serving a life term for second degree murder in the Connecticut State Prison, has applied for a writ of habeas corpus, asserting no less than ten separate grounds in support of his claim of illegal detention. In January of 1957 petitioner pleaded guilty to second degree murder after having been indicted for first degree murder on December 4, 1956. No appeal was taken but petitioner alleges that he did apply for a writ of habeas corpus in the Superior Court of Connecticut. His petition for a writ was denied on June 25, 1958. Thereafter petitioner filed three motions in the Superior Court: a motion to reopen judgment (presumably in the habeas corpus proceeding), a motion for appointment of counsel, and a motion for a memorandum of decision on the denial of the petition for a writ of habeas corpus. The Superior Court, Bogdanski, J., denied these motions. It is not stated whether the denial of the petition was after hearing. Nor is it clear whether review by the Supreme Court of Errors was sought. In his petition Carrono states that he appealed, but an exhibit attached to the petition and referred to

**504**

therein in this connection, indicates only that petitioner had written a letter to that Court and had been advised by the Clerk that an entry fee and bond must accompany all appeals to that Court. The present petition gives no indication as to the grounds asserted by petitioner in the State habeas corpus proceeding.

 In such circumstances we are constrained to hold that petitioner is not entitled to proceed in this federal court at this time because of failure to affirmatively show that he has exhausted his state remedies. 28 U.S.C. § 2254. The court has no way of knowing whether the grounds here asserted in support of petitioner's claim of illegal detention were previously presented by him to the State court for a determination there. Where the State provides a procedure such as habeas corpus for determining the federal question, and it is available to the petitioner, this court cannot be the first to have the opportunity to decide that question. 28 U.S.C. § 2254; Ex parte Hawk, 1944, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572. Our dual system of government requires that the State be given the first opportunity to decide such questions when they are raised by persons detained under the State's process. Brown v. Allen, 1953, 344 U.S. 443, 73 S. Ct. 397, 97 L.Ed. 469; Darr v. Burford, 1950, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761.

Even were it to appear in the petition, by affidavit, exhibit, or otherwise, that the issues sought to be raised here were precisely those presented to the State court in the habeas corpus proceeding, there would still be a question as to petitioner's exhaustion of remedies. Petitioner apparently had sufficient funds to pay the sixteen dollar filing fee required by Connecticut for the institution of a civil action in the Superior Court, i. e., the habeas corpus proceeding. He also had the five dollars required by federal law as a prerequisite to the filing in this court of a petition for a writ of habeas corpus. There is no affidavit of poverty in the present application; nor does petitioner state directly anywhere in his thirty-page petition that he did not have the funds to pay the fees required on an appeal to the Supreme Court of Errors and to obtain the necessary bond. Until petitioner affirmatively demonstrates that the issues raised here were presented in the prior state proceeding and that he either received an adverse decision as to those issues in the highest State court after which certiorari was denied by the Supreme Court of the United States, or that an appeal was unavailable to him due to lack of funds, he cannot obtain a decision as to the merits of his claim in this court.

In view of the fact that petitioner has paid a fee to institute this proceeding here, the court will not dismiss the petition outright and thus terminate the action. The defect, if curable at all, can be cured by an amendment supplying the necessary particulars as to exhaustion of remedies. The court will therefore deny the petition for a writ as it is now constituted, without prejudice to petitioner's right to amend said petition to show compliance with 28 U.S.C. § 2254.

So ordered.