Henry R. LAVALLEE

v.

Donald NISWANDER, M. D. Acting Superintendent, New Hampshire Hospital.

Civ. A. No. 2422.

United States District Court
D. New Hampshire.

Feb. 20, 1964.

Charles F. Sheridan, Jr., Concord, N. H., appointed guardian ad litem, for plaintiff.

Frederic T. Greenhalge, Asst. Atty. Gen., for State of New Hampshire, Concord, N. H., for defendant.

CONNOR, District Judge.

This is a petition for a writ of habeas corpus alleging unlawful detention by the respondent in his capacity as acting superintendent of the New Hampshire Hospital. This is a state mental institution to which the petitioner was transferred from the State Prison under proper authorization.

On December 7, 1961, in the Superior Court for Hillsborough County, petitioner was found guilty of manslaughter in the first degree and sentenced to four to eight years in the New Hampshire State Prison. Upon appeal to the New Hampshire Supreme Court, petitioner's exceptions were overruled. State v. Lavallee, 104 N. H. 443, 189 A.2d 475 (1963). The stipulation of the parties reveals that petitioner has neither moved for a rehearing nor attempted any other corrective process, with the exception of the present proceeding.

Although respondent does not specifically raise the issue, an examination of the amended petition and of the stipulation filed by counsel for both parties compels a finding that this court is without jurisdiction to entertain the present action. Petitioner, in his amended petition, alleges four grounds of unlawfulness in his present detention. None of these grounds, however, has been presented to the New Hampshire Supreme Court either on appeal or in any subsequent remedial process. Cf. State v. Lavallee, supra.

Since there appear still available to the petitioner adequate remedies in the New Hampshire courts, the present petition is prematurely brought. 28 U.S.C. § 2254; Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397 (1953); Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572 (1944). Accordingly, the petition is dismissed.