**Gerald David WHITTAKER, Petitioner,**

v.

**Billy McWHERTER, etc., et al.,
Respondents.**

**Civ. A. No. 3-83-0145.**

United States District Court,
M.D. Tennessee,
Nashville Division.

Feb. 17, 1983.

Gerald David Whittaker, pro se.

Robert Grunow, Nashville, Tenn., for respondents.

**MEMORANDUM OPINION, ORDERS
AND CERTIFICATE**

NEESE, Senior District Judge.

The petitioner Mr. Gerald David Whittaker applied *pro se* for the federal writ of habeas corpus. He claims he is in the custody of the respondent-warden pursuant to the judgment of March 11, 1981 of the Circuit Court of Coffee County, Tennessee, in violation of the Constitution, 28 U.S.C. § 2254(a), in that the attorney prosecuting him therein breached the plea-bargain agreement. *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 499[5], 30 L.Ed.2d 427 (1971) ("[W]hen a plea rests in any significant degree on a[n] * * * agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.")

Annexed to the applicant's petition is his affidavit that he is unable to pay the costs of this proceeding or give security therefor and his statement of his belief that he is entitled to redress. 28 U.S.C. § 1915(a). He is hereby

AUTHORIZED, therefore, to commence and prosecute this proceeding without prepayment of fees or costs or giving security therefor. *Id.*

The applicant claims in addition that a legal officer for the department of corrections of the state of Tennessee and an assistant district attorney general thereof " * * * maliciously presented false information to [the] trial judge to sway trial judge's decision against petitioner * * * "; that he has been "threatened and attacked * * * " in retaliation for his testimony against other defendants in another Court; and that " * * * inadequate precautions have been taken * * * " in that connection.

■ These do not provide grounds for habeas corpus relief in this federal Court. " * * * State prisoners are entitled to relief on federal habeas corpus only upon proving that their *detention* violates the fundamental liberties of the person, safeguarded against *state* action by the Federal Constitution. * * * " *Townsend v. Sain*, 372 U.S. 293, 312, 83 S.Ct. 745, 756[9], 9 L.Ed.2d 770 (1963) (emphases added by this writer). Neither of the aforementioned officials of the state of Tennessee "detain" the applicant through "state" action, and whether the respondent-warden, who does detain the applicant as a result of state-action, should or is rendering him adequate protection has no nexus to the judgment pursuant to which the applicant is in custody.

■ The applicant makes no claim of having exhausted his available state remedies in the appellate courts of Tennessee under the Post-Conviction Procedure Act of Tennessee, T.C.A. §§ 40–3801, et seq. Therefore, for that reason, the petitioner's application " * * * shall not be granted * * *." 28 U.S.C. § 2254(b); *Ex parte Hawk*, 321 U.S. 114, 116–117, 64 S.Ct. 448, 450, 88 L.Ed. 572 (1944). As to his foregoing constitutional claim relating to his plea-bargain agreement: " * * * [A] state prosecutor's breach of a plea bargain is a violation of the Federal Constitution cognizable under 28 U.S.C. § 2254, but federal courts lack the supervisory authority to specify the remedy for such a violation [footnote references omitted]. * * * " *McPherson v. Barksdale*, 640 F.2d 780, 781[1] (6th Cir. 1981).

The applicant must address his claims properly to the courts of Tennessee; " * * * the interests of justice and appropriate recognition of the duties of the prosecution in relation to [any] promises made in the negotiation of pleas of guilty will best be served * * * " by such a course " * * * for further consideration. The ultimate relief to which petitioner is entitled * * * [must be] le[ft] to the discretion of the state court, which is in a better position to decide whether the circumstances of this case [may] require only that there be specific performance of the agreement on the plea, in which case petitioner should be resentenced by a different judge, or whether, in the view of the state court, the circumstances require granting the relief sought by the petitioner [including whether he should have the] * * * opportunity to withdraw his plea of guilty. [Footnote reference omitted.] * * * " *Santobello v. New York*, *supra*, 404 U.S. at 262–263, 92 S.Ct. at 499[7].

It appearing plainly on preliminary consideration, Rule 4, 28 U.S.C. fol. § 2254, from the face of the applicant's petition that he is entitled to no relief in this Court now, it hereby is

ORDERED:

(1) that his petition is DISMISSED summarily, *id.;*

(2) that the clerk so notify the petitioner forthwith, *id.;* and,

(3) that copies of such petition be reproduced and served with copies of this order forthwith by certified mail on the respondent-warden and the attorney general and reporter of the state of Tennessee, *id.*

Should the applicant give timely notice of an appeal from this order and the judgment to be entered herein, Rule 58(1), F.R.Civ.P., he is authorized to proceed thereon in forma pauperis. Rule 24(a), F.R.App.P. Any such notice will be treated also as an application for a certificate of probable cause. Rule 22(b), F.R.App.P.

As this Court is not authorized to specify the remedy for the alleged violation of the

Constitution; the applicant stated no further constitutional claim which is cognizable; and the applicant has not exhausted his available state remedies and must make his address to the courts of Tennessee, *supra;* such certificate will NOT issue. *Id.*