Cleve COLE, Petitioner,

v.

**Donal CAMPBELL, etc., et al.,
Respondents.**

Civ. A. No. 3:87–0169.

United States District Court,
M.D. Tennessee,
Nashville, Division.

March 20, 1987.

On Application for Certification
of Probable Cause to Appeal
April 2, 1987.

Cleve Cole, pro se.

Jerry Smith, Asst. Atty. Gen., Nashville, Tenn., for respondents.

## MEMORANDUM OPINION, ORDER AND CERTIFICATE

NEESE, Senior District Judge.

■ The petitioner Mr. Cleve Cole applied *pro se* for the federal writ of habeas corpus, claiming he is in the custody of the respondent-warden pursuant to the judgment of conviction of September 28, 1983 of the Criminal Court of Tennessee for its 6th Judicial District (comprising Knox County) in violation of the federal Constitution, Fifth Amendment, Fourteenth Amendment, § 1, Right to the Due Process of Law Clauses, and Sixth Amendment, Right to the Assistance of Counsel Clause. This Court is required to dismiss the petition herein however, for the failure of Mr. Cole to have exhausted his available state-remedies. 28 U.S.C. § 2254(b).

It appears that, after the United States District Court for the Eastern District of Tennessee dismissed an earlier habeas corpus petition filed by Mr. Cole because he had failed to appeal his conviction to the Supreme Court of Tennessee, and because he had not attempted to apply for post-conviction relief in the courts of that state, Mr. Cole *did* apply subsequently for post-conviction relief which was denied, and his petition was dismissed on August 8, 1986.

While the record does indicate that Mr. Cole filed a notice of appeal to the Tennessee Court of Criminal Appeals from such dismissal, it does not indicate, nor does the petitioner contend, that such Court rendered a decision regarding the appeal. Furthermore, assuming *arguendo* that the dismissal of Mr. Cole's post-conviction petition was affirmed by that Court, there is no indication or assertion that he has given the Supreme Court of Tennessee an opportunity to review his claims of federal constitutional deprivation.

Mr. Cole contends that the state was required statutorily to answer his post-conviction petition plainly and unequivocally and that the fact, that it simply moved to dismiss such petition for the failure to

state a claim upon which relief could be granted, somehow renders the corrective-process of the state ineffective to protect his rights as its prisoner. The Court finds this argument devoid of merit.

Only when " * * * the States withhold effective remedy, [do] the federal courts have the power and the duty to provide it." *Fay v. Noia*, 372 U.S. 391, 399, 83 S.Ct. 822, 827, 9 L.Ed.2d 837 (1963). The fact that Mr. Cole has apparently an appeal pending with the Court of Criminal Appeals of Tennessee makes it clear that such state has not withheld an effective remedy.

"Ordinarily an application for habeas corpus by one detained under a state court judgment of conviction for crime will be entertained by a federal court only after all state remedies available, including all appellate remedies * * * have been exhausted." *Ex parte Hawk*, 321 U.S. 114, 116–117, 64 S.Ct. 448, 450[5], 88 L.Ed. 572 (1944). Therefore, it appearing plainly on preliminary examination of the face of the applicant's petition that he is not entitled to any relief in this Court, his petition hereby is

DISMISSED summarily. Rule 4, Rules —§ 2254 Cases.

The clerk will so notify the petitioner and shall serve forthwith by certified-mail on the respondent-warden and the attorney-general and reporter of Tennessee, a copy of such petition and of this order. *Id.* Should the petitioner give timely notice of an appeal from this order and the judgment to be entered herein, Rule 58(1), F.R.Civ.P., he is authorized to proceed thereon in forma pauperis. Rule 24(a), F.R.App.P. Any such notice will be treated also as an application for a certificate of probable cause, Rule 22(b), F.R.App.P., which will NOT issue as the petitioner clearly has not exhausted fully his available state-remedies.

ON APPLICATION FOR CERTIFICATE OF PROBABLE CAUSE TO APPEAL

The petitioner Mr. Cleve Cole has made an application to this Court for a certificate of probable-cause to appeal to the United States Court of Appeals for the Sixth Circuit. This Court denied the issuance of such certificate in its order of March 20, 1987 herein.

█ Mr. Cole gave notice of appeal on March 30, 1987; therefore, this Court lacks the jurisdiction to entertain his application herein. However, Mr. Cole may apply directly to our Court of Appeals for a certificate of probable-cause should he so desire:

"If the district judge [who rendered the habeas corpus judgment] has denied the certificate [of probable-cause], the applicant for the writ may then request issuance of the certificate by a circuit judge. If such a request is addressed to the court of appeals, it shall be deemed addressed to the judges thereof and shall be considered by a circuit judge or judges as the court deems appropriate. If no express request for a certificate is filed, the notice of appeal shall be deemed to constitute a request addressed to the judges of the court of appeals." Rule 22(b), F.R.App.P.