Cite as: 549 U. S. ____ (2007)          1

# SUPREME COURT OF THE UNITED STATES

## LAKHDAR BOUMEDIENE ET AL.

06–1195                     *v.*

## GEORGE W. BUSH, PRESIDENT OF THE UNITED STATES, ET AL.

## KHALED A. F. AL ODAH, NEXT FRIEND OF FAWZI KHALID ABDULLAH FAHAD AL ODAH, ET AL.

06–1196                     *v.*

## UNITED STATES ET AL.

ON PETITIONS FOR WRITS OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT

Nos. 06–1195 and 06–1196.   Decided April 2, 2007

The petitions for writs of certiorari are denied.

Statement of JUSTICE STEVENS and JUSTICE KENNEDY respecting the denial of certiorari.

Despite the obvious importance of the issues raised in these cases, we are persuaded that traditional rules governing our decision of constitutional questions, see *Ashwander* v. *TVA*, 297 U. S. 288, 341 (1936) (Brandeis, J., concurring), and our practice of requiring the exhaustion of available remedies as a precondition to accepting jurisdiction over applications for the writ of habeas corpus, cf. *Ex parte Hawk*, 321 U. S. 114 (1944) *(per curiam),* make it appropriate to deny these petitions at this time.  However, "[t]his Court has frequently recognized that the policy underlying the exhaustion-of-remedies doctrine does not require the exhaustion of inadequate remedies."  *Marino* v. *Ragen*, 332 U. S. 561, 570, n. 12 (1947) (Rutledge, J., concurring).  If petitioners later seek to establish that the

Government has unreasonably delayed proceedings under the Detainee Treatment Act of 2005, Tit. X, 119 Stat. 2739, or some other and ongoing injury, alternative means exist for us to consider our jurisdiction over the allegations made by petitioners before the Court of Appeals. See 28 U. S. C. §§1651(a), 2241. Were the Government to take additional steps to prejudice the position of petitioners in seeking review in this Court, "courts of competent jurisdiction," including this Court, "should act promptly to ensure that the office and purposes of the writ of habeas corpus are not compromised." *Padilla* v. *Hanft*, 547 U. S. 1062, 1064 (2006) (KENNEDY, J., concurring in denial of certiorari). And as always, denial of certiorari does not constitute an expression of any opinion on the merits. See *Rasul* v. *Bush*, 542 U. S. 466, 480–481 (2004) (majority opinion of STEVENS, J.); *id.*, at 487 (KENNEDY, J., concurring in judgment).