**Paul BARR, Petitioner**

**v.**

**Thomas M. HODGSON, Respondent.**

**Civil Action No. 08–10100–JLT.**

United States District Court,
D. Massachusetts.

July 1, 2008.

Paul Barr, North Dartmouth, MA, pro se.

Maura D. McLaughlin, Office of the Attorney General, Boston, MA, for Respondent.

TAURO, District Judge.

This court ACCEPTS and ADOPTS the June 13, 2008 Report and Recommendation ("Report and Recommendation") of Magistrate Judge Alexander, and hereby orders that:

1. For the reasons set forth in the Report and Recommendation, Respondent's *Motion to Dismiss* [#15] for failure to exhaust all available state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) is ALLOWED. The Petition for Writ of Habeas Corpus [#2] is DISMISSED WITHOUT PREJUDICE.

2. This case is CLOSED.

IT IS SO ORDERED.

## REPORT AND RECOMMENDATION ON MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS *(Docket # 15)*

ALEXANDER, United States Magistrate Judge.

Petitioner, Paul Barr, is a prisoner at the Bristol County Jail and House of Correction in North Dartmouth, Massachusetts. On January 18, 2008, Barr, acting pro se, filed a Petition in the U.S. District Court for the District of Massachusetts for a writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2254[1]. Barr alleges violations of his equal protection and due process rights under both the United States Constitution and the Constitution of Massachusetts. He claims that the Fall River District Court erred in its jury instructions, that his trial was tainted by a conspiracy between Judge Garth and Assistant District Attorney Lennon, and that he was wrongfully imprisoned. Barr also challenges his conviction of rape and indecent assault and battery of a child under the age of fourteen.

In the affidavit accompanying his Petition, Barr alleges the following Constitutional violations: (1) a violation of his Fourth Amendment rights because there was no probable cause for his arrest, (2) a violation of his Fifth Amendment rights because his due process rights were violated, (3) a violation of his Sixth Amendment rights due to alleged ineffective assistance of counsel, (4) a violation of his Eighth Amendment rights because he was illegally detained (which Barr considers cruel and unusual punishment), and (5) a violation of his Fourteenth Amendment equal protection rights.

On March 20, 2008, Hodgson filed a motion to dismiss this Petition pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, asserting that Barr failed to state a claim upon which relief may be granted. Hodgson asseverates that Barr has not exhausted any of the claims stated in his Petition. Thus, the state's highest court has not yet had the first opportunity to pass on the merits of the claims and the Petition should be dismissed accordingly.

The standard of review for habeas petitions filed after April 24, 1996, is controlled by the Antiterrorism and Effective Death Penalty Act ("AEDPA").

---

1. In the Memorandum and Order issued by Judge Tauro on January 29, 2008, the Court determined that this case should be brought pursuant to 28 U.S.C. § 2254 and allowed Barr to amend his petition. The Court also denied, without prejudice, Barr's civil rights claims under 42 U.S.C. § 1983 because a party may not seek both a release from custody and monetary damages in a habeas petition.

*Williams v. Taylor,* 529 U.S. 420, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000). The AEDPA requires that under 28 U.S.C. § 2254 there is a "presumption of correctness of state court factual findings" and a new "highly deferential standard for evaluating state-court rulings." *Lindh v. Murphy,* 521 U.S. 320, 334 n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Pursuant to 28 U.S.C. § 2254(d), a federal court may not provide habeas relief to a state prisoner "with respect to any claim adjudicated on the merits in state court unless the state court's adjudication" (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."

■ The Exhaustion Doctrine was first predicated in *Ex Parte Royall,* 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868 (1886), where the Supreme Court decided that, as a matter of comity, federal courts should not hear a claim in a habeas petition until after the state courts have had an opportunity to act. The federal courts should exercise discretion to hear such cases "in light of the relations existing under our system of government, between the judicial tribunals of the Union and of the States, and in recognition of the fact that the public good requires that those relations be not disturbed by unnecessary conflict between courts equally bound to guard and protect rights secured by the Constitution." *Id.* at 251, 6 S.Ct. 734; *see also Ex Parte Hawk,* 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572 (1944) (the Court recapitulated the idea of comity by stating that all federal habeas corpus petitions are controlled by the principle that the federal courts will interfere with state court adjudication only in exceptional cases where a particular urgency is shown to exist).

■ Recent cases involving habeas petitions acknowledge the need for comity between state and federal courts. The First Circuit recognizes that "in order to ease potential friction between these two sovereigns, a federal court will ordinarily defer action on a cause properly within its jurisdiction until the courts of another sovereign with concurrent powers, already cognizant of the litigation, have had an opportunity to pass upon the matter." *Scarpa v. DuBois,* 38 F.3d 1 (1st Cir. 1994) (citing *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982)). In *Dickerson v. Walsh,* 750 F.2d 150, 154 (1st Cir.1984), the Court stated that "the purpose of the exhaustion principle is to afford the state courts, which have an equal responsibility with the federal courts to vindicate federal constitutional rights, the first opportunity to remedy a constitutional violation." *See also Adelson v. DiPaola,* 131 F.3d 259 (1st Cir. 1997) (the Court held that since the petitioner had not presented his federal claim to the Massachusetts courts, the district court had properly dismissed his habeas petition). Therefore, before bringing a petition for a writ of habeas corpus in the Federal court, the petitioner must exhaust all state remedies.

The principle of comity is likewise highlighted in the statutory language of 28 U.S.C. § 2254. Pursuant to § 2254(b)(1), for a state prisoner to bring a petition for a writ of habeas corpus, all state remedies must be exhausted, there must have been an absence of available state corrective processes, or circumstances existing that rendered such processes ineffective to protect the rights of the petitioner. Also, § 2254(c) states that "an applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to

raise, by any available procedure, the question presented."

 In the instant case, Barr has failed to exhaust his state remedies on all grounds. On the standard 28 U.S.C. § 2254 form for habeas filings, Barr repeatedly admits that he has not appealed the state court rulings against him. He has, thus, failed to take the first critical step to start the appeal process in the state court system. While Barr claims that he was denied the paperwork to pursue his appeal in state court, he proffers no evidence to substantiate this claim. In a habeas corpus petition, the applicant has the burden of proving primary facts, not inferences, that he has been denied due process of law in state court. *Coggins v. O'Brien*, 188 F.2d 130 (1st Cir.1951). *See also Farrell v. Lanagan*, 166 F.2d 845 (1st Cir.1948) (the party seeking a writ of habeas corpus on the ground that his state court conviction was void, because he had been deprived due process of law in violation of the Fourteenth Amendment, has the burden of establishing denial of his due process rights). Therefore, without sufficient evidence to satisfy this burden, this Court cannot entertain an allegation that state officials refused to offer Barr the proper paperwork and subsequently prevented him from appealing in state court. Barr has not exhausted his state remedies and may not bring his Petition in federal court.

Accordingly, for the aforementioned reasons, this Court FINDS that Barr has not exhausted his state remedies and, therefore, RECOMMENDS that the District Court ALLOW Defendant's motion and dismiss Barr's Petition for a Writ of Habeas Corpus.

SO ORDERED.