**LYON v. HARKNESS.**

No. 4078.

Circuit Court of Appeals, First Circuit.

Nov. 9, 1945.

Angus M. MacNeil and MacNeil & Maloney, all of Boston, Mass., and Samuel A. Margolis, of Manchester, N. H., for appellant.

Ernest R. D'Amours, Asst. Atty. Gen., for appellee.

Before MAGRUDER, MAHONEY and WOODBURY, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the District Court of the United States for the District of New Hampshire discharging a writ of habeas corpus and remanding the petitioner to custody imposed upon him by virtue of a warrant issued by the Governor of New Hampshire in extradition proceedings.[1] The court below discharged the writ on the basis of findings (1) that the petitioner had made no application for any judicial remedy afforded by the State,[2] (2) that no good reason appeared for his failure to do so, and (3) that no exceptional circumstances or peculiar urgency existed to justify departure from the rule requiring recourse in the first instance to the appropriate State courts. These findings do not appear to be challenged and in our opinion fully support the order made.

The jurisdiction to issue writs of habeas corpus given to the Supreme Court, district courts, and the justices and judges of those courts respectively, and to the judges of circuit courts of appeal by 28 U.S.C.A. §§ 451, 452, is limited by § 453, Id. to cases in which the petitioner is either being held, broadly speaking, under federal authority, or else "is in custody in violation of the Constitution or of a law or treaty of the United States." The petitioner here is in state custody, and he alleges that he is being so held in violation of rights guaranteed to him by the federal Constitution. Thus the court below had jurisdiction. Ex parte Royall, 117 U.S. 241, 249, 250, 6 S.Ct. 734, 29 L.Ed. 868; State of Minnesota v. Brundage, 180 U.S. 499, 500, 501, 21 S.Ct. 455, 45 L.Ed. 639. But it did not have to exercise this jurisdiction and it will not ordinarily do so until all available state remedies have been exhausted. Mooney v. Holohan, 294 U.S. 103, 115, 55 S.Ct. 340, 79 L.Ed. 791,

---

[1] The record does not disclose that the petitioner-appellant ever sought or was granted a certificate of probable cause for his appeal under 28 U.S.C.A. § 466, but we do not consider this omission fatal to our jurisdiction because the above section requires such a certificate only when the "detention complained of is by virtue of process issued out of a State court" and the detention here complained of is by virtue of process issued by a State chief executive.

[2] In New Hampshire ample provision is made for the issuance of writs of habeas corpus. New Hampshire Constitution, Part Second, Art. 91; Revised Laws of New Hampshire, 1942, c. 406; Id., c. 437, § 10.

98 A.L.R. 406, and cases cited; Ex parte Hawk, 321 U.S. 114, 116, 117, 64 S.Ct. 448, 88 L.Ed. 572, and cases cited. See also House v. Mayo, 324 U.S. 42, 46, 65 S.Ct. 517.

In Ex parte Hawk, supra [321 U.S. 103, 115, 64 S.Ct. 450], the Supreme Court stated the general rule as follows: "Ordinarily an application for habeas corpus by one detained under a state court judgment of conviction for crime will be entertained by a federal court only after all state remedies available, including all appellate remedies in the state courts and in this Court by appeal or writ of certiorari have been exhausted." To be sure the petitioner here was not being held "under a state court judgment of conviction for crime", but was being held under executive process of a state of asylum for delivery to a demanding state there to answer a charge of crime. But we regard this as a distinction without a difference so far as application of the rule is concerned.

We concede that the rule is usually stated as above, that is, as applicable when a petitioner is being held under state judicial process after a criminal conviction. But this statement of the rule does not necessarily limit its application to that particular situation because in all the cases in which it is so stated the petitioner in fact was being so held. And we see no reason for applying the rule only when petitioners for habeas corpus in a federal court have actually been convicted of crime in a state court, nor do we find any case holding or even suggesting that it should only be then applied. On the other hand, although we do not find any case directly in point, we do find one applying it when a petitioner for habeas corpus in a federal court was being held, after extradition, in the demanding state awaiting trial (Whitten v. Tomlinson, 160 U.S. 231, 16 S.Ct. 297, 40 L.Ed. 406), and in this case the Supreme Court concluded its opinion with the statement (160 U.S. 247, 16 S.Ct. 303): "There could be no better illustration than this case affords of the wisdom, if not necessity, of the rule established by the decisions of this court above cited, that a prisoner in custody under the authority of a state should not, except in a case of peculiar urgency, be discharged by a court or judge of the United States upon a writ of habeas corpus, in advance of any proceedings in the courts

of the state to test the validity of his arrest and detention. To adopt a different rule would unduly interfere with the exercise of the criminal jurisdiction of the several states, and with the performance by this court of its appropriate duties."

Furthermore, support for our conclusion is found in the reason for the rule which is that "It is an exceedingly delicate jurisdiction given to the Federal courts by which a person under an indictment in a state court, and subject to its laws, may, by the decision of a single judge of the Federal court, upon a writ of habeas corpus, be taken out of the custody of the officers of the state, and finally discharged therefrom." Drury v. Lewis, 200 U.S. 1, 7, 26 S.Ct. 229, 231, 50 L.Ed. 343, cited with approval in Urquhart v. Brown, 205 U.S. 179, 182, 27 S.Ct. 459, 51 L.Ed. 760. It seems to us just as delicate a matter to take one out of the custody of an officer of an asylum state before rendition as to take one out of the custody of an officer of a demanding state after he has been returned there to await trial under an indictment. Federal jurisdiction is just as delicate and interferes just as much with the criminal jurisdiction of the several states in one situation as it does in the other.

The order of the District Court is affirmed.