**KANTAK v. CLARKE, Warden.**

Civil Action No. 510.

District Court, D. New Hampshire.

April 10, 1946.

No appearance for plaintiff.

Frank R. Kenison, N. H. Atty. Gen., of Concord, N. H., for defendant.

CONNOR, District Judge.

Petition for writ of habeas corpus. The writ was issued and the respondent, Charles B. Clarke, Warden of the New Hampshire State Prison, in conformity with the statute, filed his return and produced in court the body of the petitioner. The petitioner thereupon informed the Court that he desired opportunity to produce witnesses in his behalf, and hearing was set for January 29, 1946.

The respondent filed a motion to dismiss the petition and discharge the writ, and the petitioner was provided with a copy of said motion. Among the reasons set forth therein as grounds for dismissal is the following: "(2) The applicant has not exhausted his remedies in the New Hampshire state courts, and particularly in view of the fact that his application in the Superior Court of Merrimack County in the case of Theodore Kantak v. Charles B. Clarke, Warden, Equity No. 5817, was heard only a few days ago and decision is now pending therein."

The petition is of crude draftsmanship, and is lacking in the essential allegations which would warrant the relief prayed for. In substance, however, he alleges that he is imprisoned and restrained, and that such "violates the mandate of the United States Constitution that 'cruel and unusual punishment shall not be inflicted.'"

The matter came on for hearing and the petitioner, unrepresented by counsel, stated that due to his inability to produce the witnesses whom he desired to attend, he was unprepared to proceed with his petition. Inquiry was made of him by the Court as to the basis of his claimed right to the benefit of this process. He declined to define his claim, stating that he preferred to present his case through the testimony of the witnesses above referred to. The Court was of the opinion that procedural expediency required the disposition of the petition on the pleadings in advance of further hearing. Upon further interrogation of the petitioner by the Court, the following facts were admitted by him: That he had been convicted upon trial before a jury of the Superior Court of Grafton County within the District for breaking and entering in the nighttime and larceny; that on October 10, 1944, he was committed to the New Hampshire State Prison to serve a sentence of not less than seven years nor more than nine years' imprisonment; that no appeal from said conviction was perfected, the petitioner stating that he was "obstructed" from doing so, although no details were furnished the Court; that he filed in the Superior Court of Merrimack County a petition for a writ of habeas corpus, and that the writ was issued, and he was granted a hearing thereon. The Court was informed by the Attorney General during the hearing that on January 28, 1946, an order was entered in that court discharging the writ.

Upon the foregoing facts the petitioner is not entitled to prosecute his petition in this court, as it is abundantly clear that the petitioner has not exhausted his remedies in the state courts. Until it affirmatively appears that the petitioner has exhausted his remedies in the state court, and that no adequate remedy is available to him under the state law, he cannot have recourse to a federal court. This doctrine has been repeatedly affirmed in a long line of decisions, including a recent holding within this Circuit, Ex parte Lyon, 1 Cir., 151 F.2d 731. See also, Ex parte Hawk, 321 U.S. 114, 116, 117, 64 S.Ct. 448, 88 L. Ed. 572; Mooney v. Holohan, 294 U.S. 103, 115, and cases cited, 55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406.

Orderly procedure requires that the petitioner pursue to finality the appropriate judicial remedies afforded by the state, such as he has already instituted. The motion of the respondent is granted, and an order will be entered discharging the writ and remanding the petitioner to the custody of Charles B. Clarke, Warden of the New Hampshire State Prison.