Original,
No. 5026.

STATE *v.* DONALD C. MURRAY.

Argued February 7, 1962.

Decided March 1, 1962.

*William Maynard*, Attorney General, *Alexander J. Kalinski*, Assistant Attorney General, *Thayer Fremont-Smith*, city solicitor, (*Mr. Kalinski* orally), for the State.

*Emile R. Bussiere* for the defendant.

KENISON, C. J. Pursuant to the provisions of the Uniform Criminal Extradition Law which has been adopted in this state the defendant was entitled to a hearing (RSA 612:15) and the opportunity to be released on bail (RSA 612:16) both of which have been accorded the defendant. *Ex parte Thaw*, 209 Fed. 954 (D. N. H. 1913). However the defendant contends that the continuance of the hearing to March 3, 1962 is illegal and "an unlawful deprivation of due process." While there is a dearth of authority on the power of the court in an extradition hearing to grant or deny a continuance or adjournment, it has been generally assumed in the cases that such power existed and was to be upheld unless there appeared an abuse of discretion. *Commonwealth ex rel Mills* v. *Baldi*, 166 Pa. Super. 321. See Handbook on Interstate Crime Control, *pp.* 32-37 (Council of State Governments, Rev. *ed.* 1955). We find no evidence in the record of the hearing before the Keene municipal court which indicates that there was an abuse of discretion by that court. *Riendeau* v. *Milford Municipal Court*, 104 N. H. 33. Furthermore

the continuance was consistent with the Uniform Act and the provisions of RSA 612:15, 17.

Whether the defendant is a fugitive from justice remains to be decided by the municipal court of Keene at the hearing to be held on March 3, 1962. *Hinz* v. *Perkins,* 97 N. H. 114; *Pearson* v. *Campbell,* 97 N. H. 444. Any decision then made is subject to the defendant's right to file a writ of habeas corpus in the Superior Court pursuant to RSA 612:10. *Lyon* v. *Harkness,* 151 F. 2d 731 (1st Cir. 1945); *LaBelle* v. *Hancock,* 99 N. H. 254; Note, Habeas Corpus in Interstate Rendition, 47 Col. L. Rev. 470 (1947).

The statutory authority (RSA 490:4) given the Supreme Court to exercise "general superintendence" of other courts is broad and comprehensive (*State* v. *Knowlton,* 102 N. H. 221; *State ex rel Regan* v. *Superior Court,* 102 N. H. 224) but we find no occasion to use it in this proceeding at this time. *Riendeau* v. *Milford Municipal Court,* 104 N. H. 33. See *Nelson* v. *Morse,* 91 N. H. 177; *Springer* v. *Hungerford,* 100 N. H. 503; Note, Constitutional Aspects of State Extradition Legislation, 28 Ind. L. J. 662 (1953).

*Petition dismissed.*

All concurred.