**Roger BANCROFT, Petitioner**

v.

**The Commonwealth of MASSACHUSETTS, et al.**

**C.A. No. 06–30181–MAP.**

United States District Court, D. Massachusetts.

Dec. 4, 2007.

Roger R. Bancroft, Harrisonburg, VA, Pro se.

Randall E. Ravitz, Office of the Attorney General, Boston, MA, for The Commonwealth of Massachusetts, et al.

***MEMORANDUM AND ORDER RE: REPORT AND RECOMMENDATION WITH REGARD TO THE COMMONWEALTH OF MASSACHUSETTS' MOTION TO DISMISS PETITION*** (Dkt. Nos. 16 & 24)

MICHAEL A. PONSOR, District Judge.

Petitioner, an inmate serving two concurrent sentences in the Commonwealth of Virginia, purports to seek *habeas* relief because the Commonwealth of Massachusetts allegedly violated his Speedy Trial rights. Orders from this court subsequent to the filing of the petition substituted the proper Respondent, the director of the facility in Virginia where Petitioner is being held. The court also permitted the Commonwealth of Massachusetts, as an interested party, to file a Motion to Dismiss, which was referred to Chief Magistrate Judge Kenneth P. Neiman for report and recommendation.

On November 8, 2007, Judge Neiman issued his Report and Recommendation, to the effect that the Motion to Dismiss of to the Commonwealth of Massachusetts be allowed. As the Report and Recommendation convincingly demonstrates, the two statutes cited by Petitioner, 28 U.S.C. § 2254 and 28 U.S.C. § 2241, simply provide no remedy in these circumstances.

The Report and Recommendation admonished all parties that any objection to the Report and Recommendation would need to be filed within ten days. Dkt. No. 24 at n. 3. Despite this admonition, no objection has been filed by Petitioner or any other party.

Based upon the merits of the Report and Recommendation, and upon the failure of Petitioner to file any objection, upon *de novo* review, the court hereby ADOPTS the Report and Recommendation of Judge Kenneth P. Neiman dated November 8, 2007. Having adopted the Magistrate's Judge's Report and Recommendation, the court hereby ALLOWS the Commonwealth of Massachusetts' Motion to Dismiss (Docket No. 16). The clerk will enter judgment for all Respondents, including Eddie L. Pearson. This case may now be closed.

It is So Ordered.

*REPORT AND RECOMMENDATION WITH REGARD TO THE COMMONWEALTH OF MASSACHUSETTS'S MOTION TO DISMISS PETITION (Document No. 16)*

KENNETH P. NEIMAN, United States Chief Magistrate Judge.

In this *pro se* action, Roger R. Bancroft ("Petitioner"), a state inmate serving two concurrent sentences in Virginia, purports to seek *habeas corpus* relief under 28 U.S.C. § 2254 ("section 2254") because the Commonwealth of Massachusetts (hereinafter "the Commonwealth"), through one of its district courts, allegedly violated his "speedy trial" rights. The Commonwealth, proceeding as an interested party, has filed a motion to dismiss the petition. That motion has been referred to this court by District Judge Michael A. Ponsor for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B). For the following reasons, the court will recommend that the motion to dismiss be allowed and, accordingly, that the case be closed.

## I. BACKGROUND

Petitioner was arrested in Virginia on August 3, 2005, for credit card theft and grand larceny. (Attachment to Pet., Document No. 2.) He is currently an inmate at the Harrisonburg Diversion Center in Harrisonburg, Virginia. (See Pet'r's Notice of Change of Address of Apr. 10, 2007, Document No. 8.)

On September 14, 2005, in an entirely separate proceeding, a criminal complaint was filed against Petitioner in the Hampshire County District Court in Hadley, Massachusetts (hereinafter "the Hadley District Court"), charging him with breaking and entering with intent to commit a misdemeanor, wanton destruction of property over $250, larceny under $250, and credit card fraud under $250. (Appx. Mot. Dismiss, Document No. 21, Ex. A.) A second criminal complaint was filed against Petitioner in the same court on October 3, 2005, this one charging him with breaking and entering into a vehicle or boat at nighttime for the purpose of committing a felony, larceny over $250, and malicious damage to a motor vehicle. (*Id.*, Ex. B.) As a result of these complaints, two warrants for Petitioner were issued and entered into the Massachusetts Warrant Management System ("WMS"). (*Id.*, Exs. A, B.) Notices regarding the warrants were mailed to Petitioner at an address in Holyoke, Massachusetts, but were both returned as undeliverable. (*Id.*) Notice was also posted with the National Criminal Information Center. (*Id.*, Ex. C.)

On April 7, 2006, Petitioner—apparently aware of the warrants—notified the Hadley District Court that he was incarcerated in Virginia and that he believed he was entitled to a "speedy trial" in Massachusetts. (*Id.*, Exs. A, B.) Petitioner repeated these assertions in another notice he filed on June 21, 2006. (*Id.*) On June 29, 2006, having heard nothing, Petitioner filed a motion to dismiss the criminal complaints for want of prosecution and violation of his right to a speedy trial. (*Id.*)

On July 31, 2006, and August 18, 2006, the Hadley District Court received correspondence from Petitioner requesting information regarding the status of his motion. (*Id.*) Copies of the docket sheet were then sent both to Petitioner and the district attorney's office; however, nothing in the record indicates that the Hadley District Court ever responded to Petitioner's requests for a speedy trial or his motion to dismiss. (*Id.*) On December 5, 2006, Petitioner's father called the court to inquire about the status of Petitioner's requests. (*Id.*) Then, on January 26, 2007, Petitioner notified the court of his transfer to yet another Virginia facility. (*Id.*)

Meanwhile, on October 3, 2006, Petitioner filed the instant section 2254 *habeas corpus* action naming the Hadley District Court, the Commonwealth, and the Springfield (Massachusetts) District Court as "Respondents." (Pet., Document No. 2.) Petitioner claims to have taken this action because he had received no response from the Hadley District Court regarding his requests for a speedy trial or his motion to dismiss. (*Id.* at 6.) Petitioner further states that he chose this court because his father spoke to some attorneys who suggested that Petitioner file a *habeas corpus* petition here. (*Id.* at 13, and note to Clerk appended to Pet.)

By order dated October 24, 2006, Judge Ponsor substituted Eddie L. Pearson, the warden of the Virginia facility where Petitioner was then incarcerated, as Respondent, and dismissed the Hadley and Springfield District Courts. In doing so, Judge Ponsor directed Pearson to file an answer or responsive pleading. (Ord. Oct. 24, 2006, Document No. 3.) Judge Ponsor also directed the Commonwealth of Massachusetts, as an "interested party," to file a motion to dismiss if it so desired. (*Id.* at 2 n. 1.) Judge Ponsor further noted that Petitioner's status and the nature of the action as a section 2254 petition were unclear since Petitioner "is not challenging a conviction or sentence of a Massachusetts state court." (*Id.* at 4.) Finally, Judge Ponsor informed the parties that he would permit them to address whether this action should be converted to a petition pursuant to 28 U.S.C. § 2241 ("section 2241"). (*Id.*)

Thereafter, Petitioner reported that he had been transferred to another Virginia facility. Accordingly, on May 23, 2007, Judge Ponsor ordered that the petition be reserved on the warden of Petitioner's new place of incarceration, the Harrisonburg Diversion Center, and that an answer or other responsive pleading be filed by that individual. (Ord. May 23, 2007, Document No. 9.) Judge Ponsor again noted that he was unclear whether the action should be converted to a section 2241 petition. (*Id.* at 1–2 n. 1.)[1]

On July 10, 2007, the Commonwealth filed the instant motion to dismiss. On July 23, 2007, Petitioner filed his response in which he asks the court to convert this action to a petition for a "writ of mandamus." (Resp. Mot. Dismiss, Document No. 22.) Petitioner also filed what he labels a "memorandum of law," but what is really photocopies of the federal speedy trial statute and various other documents. (Document No. 23.)

## II. DISCUSSION

 As indicated, Petitioner seeks to have the charges filed against him in the Hadley District Court dismissed because, he claims, his right to a speedy trial has been violated. Although Petitioner pur-

---

1. In both the October 24, 2006 and May 23, 2007 orders, Judge Ponsor stated as follows: The current status of Petitioner's state criminal proceedings is not entirely clear. However, it appears Petitioner is not challenging a conviction or sentence of a Massachusetts state court, nor is it clear whether he is "in custody" under a sentence or conviction of a Massachusetts state court. Thus, the Court is unable to determine at this juncture whether Petitioner meets the jurisdictional requirements for pursuing habeas relief under § 2254. However, to the extent Petitioner challenges his continued custody as a pretrial detainee due to Speedy Trial violations (also not entirely clear), habeas relief may be pursued under 28 U.S.C. § 2241. The Court will not, *sua sponte*, convert this action into a petition under § 2241, but will permit the parties an opportunity to address this issue at a later time.
(Ord. Oct. 24, 2006, Document No. 3 at 4 n. 2; Ord. May 23, 2007, Document No. 9 at 1–2 n. 1.)

ports to proceed under section 2254, Judge Ponsor, as noted, requested that the Commonwealth, as an interested party, discuss whether this action should be converted into a petition pursuant to section 2241 and/or dismissed. In its motion to dismiss, the Commonwealth argues that the petition fails to satisfy the requirements of either section 2254 or section 2241. Accordingly, the court will address each statute in turn. In the end, the court will conclude that, even though the petition, as a *pro se* submission, ought to be liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), it must be dismissed under either statute.[2]

## A. *Section 2254*

Section 2254 can be dealt with quickly. As Judge Ponsor observed, it appears that Petitioner is not challenging a "conviction" or "sentence" of a Massachusetts state court, which is a requirement under section 2254. *See Benson v. Superior Court Dep't of Trial Court*, 663 F.2d 355, 358 (1st Cir.1981) (indicating that section 2254 "applies only to petitions filed after the state has rendered a judgment"). And, as the Commonwealth notes, even if he were challenging a conviction or sentence, Petitioner has not exhausted his state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A). In any event, Petitioner does not disagree with these assertions. Therefore, in this court's opinion, the Commonwealth's motion to dismiss should be allowed as to section 2254.

## B. *Section 2241*

In the courts' estimation, the Commonwealth's motion to dismiss vis-a-vis section 2241, to the extent it might be a more appropriate vehicle for considering Petitioner's petition, should be allowed as well. The Commonwealth offers at least two compelling arguments in this regard.

First, as with section 2254, exhaustion of state remedies is a requirement for section 2241 relief and Petitioner offers no evidence whatsoever of such exhaustion. *See, e.g., Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489–92, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973) (evaluating whether Alabama prisoner who challenged Kentucky indictment by way of section 2241 petition had exhausted his state remedies); *Lyon v. Harkness*, 151 F.2d 731, 732–33 (1st Cir.1945) (concluding that exhaustion requirement applied to petitioner "being held under executive process of a state of asylum for delivery to a demanding state there to answer a charge of crime"); *see also Higgins v. Rhode Island*, 187 F.3d 622, 1998 WL 1085812, at *1 (1st Cir.1998) (unpublished) (making it clear that "a § 2241 habeas petition[er] must exhaust his available state court remedies"). Thus, although Petitioner's requests for a speedy trial and subsequent motion to dismiss appear to have been ignored by the Hadley District Court, he has not pursued any direct appeal with respect thereto. Instead, he jumped directly to this forum, a jump he is not allowed to make. *See Adelson v. DiPaola*, 131 F.3d 259, 263 (1st Cir.1997) ("Exhaustion obligations mandate that a habeas petitioner present, or do his best to present, his federal claim to the state's highest tribunal.")

Second, as the Commonwealth persuasively argues, this action cannot be maintained because Petitioner is not "in custody" as required by subsection (b)(3)

---

**2.** At the outset, the court notes that the federal speedy trial statute Petitioner attaches as his "memorandum of law" does not apply and that there appears to be no basis for the "writ of mandamus" Petitioner seeks in his response to the Commonwealth's motion. Accordingly, the court will not further consider those issues.

of section 2241. It is well-established that *habeas corpus* relief is only available to one who is "in custody" pursuant to the same state process attacked in his petition. *See Maleng v. Cook*, 490 U.S. 488, 490–91, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989). Since Petitioner is apparently incarcerated pursuant to a judgment of a Virginia state court, he cannot be deemed "in custody" as a result of any of the Massachusetts prosecutions he seeks to challenge. Moreover, as the Commonwealth points out, Petitioner cannot *constructively* be considered "in custody" pursuant to a detainer because the Commonwealth has not lodged a detainer against him with Virginia authorities. *Compare Braden*, 410 U.S. at 488–89, 93 S.Ct. 1123 (finding petitioner "in custody" as a result of the Kentucky indictment attacked in his petition because Kentucky authorities had lodged a detainer against him). Again, Petitioner does not disagree with these assertions.

To be sure, embedded within Petitioner's argument is an assertion that the Commonwealth *should have* lodged a detainer against him. (See Mem. in Supp. Resp. Mot. Dismiss, Document No. 23 at 4.) According to the Supreme Court, however, only the *actual* lodging of a detainer could possibly deem a petitioner to be "in custody" pursuant to section 2241. *See Rumsfeld v. Padilla*, 542 U.S. 426, 438, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004) (noting

that "in custody" requirement was met in *Braden* "by virtue of the detainer"). That is simply not true here.

## III. CONCLUSION

 For the reasons stated, the court recommends that the Commonwealth's motion to dismiss be ALLOWED and the case closed.[3]

November 8, 2007.

---

3. The parties are advised that under the provisions of Rule 3(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within ten (10) days** of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the

Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Secretary of Health & Human Services*, 848 F.2d 271, 275 (1st Cir.1988); *United States v. Valencia–Copete*, 792 F.2d 4, 6 (1st Cir.1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir.1983); *United States v. Vega*, 678 F.2d 376, 378–379 (1st Cir.1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1 st Cir.1980). *See also Thomas v. Arn*, 474 U.S. 140, 154–55, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). A party may respond to another party's objections within ten (10) days after being served with a copy thereof.